As its tenth assignment of error, the Union argues that the trial court erred in excluding the testimony of its expert witness, John Duncan.

At no time did the Union make a proffer as to what the testimony of Duncan would have been. This court cannot determine whether the exclusion of Duncan's testimony was prejudicial and, therefore, such exclusion may not be assigned as error. *Combs v. Cincinnati Gas & Electric Co.* (1984), 16 Ohio App.3d 98, 100, 16 OBR 104, 106, 474 N.E.2d 669, 670. Accordingly, the Union's tenth assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee/cross-appellant pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., GLASSER and ABOOD, JJ., concur.

---

**HENEGHAN et al., Appellants,**

**v.**

**SEARS, ROEBUCK AND CO., Appellee, et al.**

[Cite as *Heneghan v. Sears, Roebuck & Co.* (1990), 67 Ohio App.3d 490.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56851.

Decided April 30, 1990.

*Edward L. Bettendorf,* for appellants.

*Keith A. Savidge* and *Curtiss L. Isler,* for appellee.

Matia, Judge.

Plaintiffs-appellants Annie M. Heneghan, Kathleen McGuire, and Stewart McGuire appeal from the entry of summary judgment by the Cuyahoga County Court of Common Pleas in favor of defendant-appellee, Montgomery Elevator Company ("Montgomery").

On the morning of December 3, 1985, appellants Annie Heneghan and Kathleen McGuire were shopping at the Sears store at Great Northern Mall in North Olmsted, Ohio, with Mary Kelley. Appellant Kathleen McGuire and Mrs. Kelley are sisters, and the daughters of appellant Heneghan, who is an Irish citizen. The three ladies boarded Sears' escalator to travel from the first to the second floor of the department store. Mrs. Kelley boarded first, followed two steps later by her mother, appellant Heneghan. Appellant Kathleen McGuire boarded the escalator two steps behind her mother. When appellant Heneghan had travelled approximately three steps up the escalator, she felt a sudden "jolt" which threw her off balance. Noticing that her seventy-two-year-old mother was in danger of falling, appellant McGuire, who had also felt a "jerk" or "shudder" of the escalator, moved up a step to brace appellant Heneghan. Unfortunately, appellant Heneghan fell back onto appellant McGuire, who in turn fell on her buttocks on the steps of the escalator. Both women rode the escalator feet-first to the second floor, where they were helped to their feet.

Mrs. Kelley did not fall, and was not a party to this lawsuit. Appellants Heneghan and Kathleen McGuire sustained physical injuries. Appellant Stewart McGuire, Kathleen's husband, joined in the suit for the loss of the services and consortium of his wife.

Appellants brought suit against, *inter alia,* Sears, Roebuck and Company ("Sears"), appellee Montgomery, and persons and entities associated with the development and management of Great Northern Mall. The latter defendants were voluntarily dismissed per Civ.R. 41(A) in June 1988. On August 8, 1988, the trial court granted summary judgment for appellee Montgomery but denied the motion for summary judgment of defendant Sears. Appellant's own motion for summary judgment on liability filed in conjunction with their brief opposing the defendants' motions, was also denied by the trial court.

On November 8, 1988, pursuant to stipulation, appellants settled and dismissed their complaint with Sears, the only remaining defendant. On December 7, 1988, appellants timely filed notice of appeal of the trial court's August 8, 1988 entry of summary judgment in favor of appellee Montgomery.

## I. Montgomery's Motion for Summary Judgment

In their first assignment of error, appellants maintain:

"The trial court erred in granting Montgomery's motion for summary judgment for invading the province of the jury concerning the causes(s) of the escalator's malfunction, *i.e.*, whether due to negligent maintenance as plaintiffs allege, or due to some other non-negligent mechanism as Montgomery claims."

Civ.R. 56(C) provides in part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532, the Stark County Court of Appeals held:

"To defeat a motion for summary judgment filed by defendant in a negligence action, plaintiff must identify a duty, or duties, owed him by the defendant, and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured."

The Ohio Supreme Court has held that in negligence actions filed by injured persons against a party who has contracted with the owner of an escalator or elevator to service and maintain such machinery, such as appellee Montgomery, liability to such injured person may attach if such services are negligently performed, regardless of the absence of contractual privity:

"Where one, under a written contract, undertakes to service and examine the mechanical equipment of another and make a report on the condition thereof, and the equipment is of such a nature as to make it reasonably certain that life and limb will be endangered if such work is negligently performed, he is chargeable with the *duty of performing the work in a reasonably proper and efficient manner, and if such duty is negligently or carelessly performed whereby injury occurs to a blameless person, not a party to the contract and lawfully using such equipment, such injured*

*person has a right of action directly against the offending contractor.* Liability in such instance is not based upon any contractual relation between the person injured and the offending contractor, but upon the failure of such contractor to exercise due care in the performance of his assumed obligations." (Emphasis added.) *Durham v. Warner Elevator Mfg. Co.* (1956), 166 Ohio St. 31, 1 O.O.2d 181, 139 N.E.2d 10, at paragraph two of syllabus; Cf. *Hendrix v. Eighth and Walnut Corp.* (1982), 1 Ohio St.3d 205, 209, 1 OBR 230, 234, 438 N.E.2d 1149, 1153; *Banks v. Otis Elevator Co.* (Dec. 17, 1987), Cuyahoga App. No. 53059, unreported, 1987 WL 29664.

■ The scope of appellee's duties owed to appellants is, as a matter of law, limited by the maintenance agreement with the owner of the escalator, Sears. *Durham, supra.* We find that, even viewing the evidence in a light most favorable to appellants, there exists no genuine issue of material fact as to whether such duties were breached.

Attached to appellee's motion for summary judgment is the affidavit of appellee's employee Frank James Wood, who was the escalator mechanic regularly performing scheduled maintenance on the subject machinery. Mr. Wood essentially swore that the escalator upon which appellants fell was duly maintained, not defective in design or manufacture, and not in need of repair at all times relevant to this lawsuit. Mr. Wood further stated in a supplemental affidavit filed March 8, 1988 that *any* escalator "may shudder or momentarily hesitate for any one of numerous possible causes" beyond the control or knowledge of appellee.

Appellee submitted with its motion the "Complete Maintenance Agreement for Escalators" in effect between appellee and Sears, which contract was properly incorporated by reference in Mr. Wood's affidavit. This agreement provides generally:

"We will maintain the entire escalator equipment as herein described, using skilled maintenance men under our supervision. They will employ all reasonable care to see that the equipment is maintained in proper operating condition."

In opposition to appellee's motion, appellants filed the affidavit of their own escalator expert, John L. Donnelly. Mr. Donnelly stated that he had examined the subject escalator more than two and one-half years after appellants' fall, and that it was his opinion after reviewing appellants' depositions that the escalator did shudder or hesitate. He further stated that the escalator's "step demarcation lights" were probably negligently maintained, giving rise to the possibility that appellant Heneghan fell as a result of having stood between two undemarcated steps. Mrs. Heneghan's own statements at her deposition on file indicate that such alleged improper lighting was not a cause of her fall,

as she clearly deposed that she had placed both of her feet on a single step facing forward.

In short, appellants offered no evidentiary materials, on file at the time of the trial court's ruling, to counter appellee's negation of any breach of its contractual duties under the maintenance agreement with Sears. Moreover, with respect to appellants' cause of action alleging negligence in appellee's failure to post warning signs, we likewise find an absence of genuine issues of material fact. The aforementioned maintenance contract, which defines the limits of appellee's legal duties, clearly and specifically denies responsibility for the provision of warning signs, which duty is placed in the hands of the owner of the escalator, Sears, with whom appellants settled and dismissed their case, as noted above.

For these reasons, we find that the trial court did not err in granting appellee's motion for summary judgment, and appellants' first assignment of error is not well taken.

## II. Application of the Doctrine of *Res Ipsa Loquitur*

In their second assignment of error, appellants assert:

"The trial court erred in concluding that the doctrine of *res ipsa loquitur* is inapplicable as to Montgomery."

As stated by this court in *Colonna v. Ohio Bell Tel. Co.* (Nov. 12, 1981), Cuyahoga App. No. 43332, unreported:

"The doctrine of res ipsa loquitur is not a substantive rule of law; rather it is a rule of evidence which allows the trier of fact to infer negligence on the part of the defendant from circumstances surrounding the injury to the plaintiff. *Hake v. George Wiedemann Brewing Co.* (1970), 23 Ohio St.2d 65, 66, 52 O.O.2d 366, 366, 262 N.E.2d 703, 705."

The rule may be stated as follows, from the Restatement of the Law 2d, Torts (1965), Section 328D:

"§ 328 D. Res Ipsa Loquitur

"(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

"(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

"(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

"(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

"(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

"(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached.

" * * *

"Exclusive control is merely one fact which establishes the responsibility of the defendant; and if it can be established otherwise, exclusive control is not essential to a res ipsa loquitur case. The essential question becomes one of whether the probable cause is one which the defendant was under a duty to the plaintiff to anticipate or guard against." *Id.* at comment *g.* See Concurring Opinion in *Colonna, supra.*

In the instant case, it will suffice to say that there is no question but that the evidentiary materials before the trial court, and common sense, clearly indicate that escalators may shudder or momentarily hesitate in the absence of negligence on the part of an elevator maintenance company. Such is apparently the case, for example, when there is "a power surge; a foreign object which jams the comb plate; debris which fouls the track system; and passenger interference." See *Wood* supplemental affidavit, No. 16. The record does not clearly indicate that the trial court determined the rule of *res ipsa loquitur* to be inapplicable under the specific facts of the instant case. Nevertheless, even assuming such a ruling to have been implicit in its other orders, appellant still does not demonstrate any error for the reasons set forth above.

Appellants' second assignment of error is not well taken.

### III. Appellants' Motion for Summary Judgment

In a third and final assignment of error, appellants contend:

"The trial court erred in denying plaintiffs' own motion for summary judgment on the issue of warnings by ignoring plaintiffs' unrebutted testimony that the escalator jolted and Montgomery's expert mechanic Wood's admissions that it could do so for any one or more of four but no other reasons such that Montgomery should have warned plaintiffs of the escalators dangerous characteristics."

This issue has effectively been dealt with in our disposition of appellants' first assignment of error. The rule governing summary judgment has been previously set forth in this opinion. Civ.R. 56(C).

Appellants' contention that their own motion for summary judgment on the issue of warning was improperly denied is not well founded. It is well settled that appellee Montgomery's duties are limited by its maintenance contract

with Sears. There is no factual issue but that such contract specifically places the burden of providing warning signs on the owner of the escalator, Sears. Clearly, appellants were not entitled to judgment on this issue as a matter of law.

Accordingly, the trial court properly denied appellants' motion for summary judgment. Appellants' third assignment of error is not well-taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, P.J., and JOHN V. CORRIGAN, J., concur.