JONES, Appellant,

v.

H. & T. ENTERPRISES et al., Appellees.

[Cite as *Jones v. H. & T. Enterprises* (1993), 88 Ohio App.3d 384.]

Court of Appeals of Ohio,
Summit County.

No. 15864.

Decided June 23, 1993.

*Claudia R. Eklund,* for appellant.

*Gregory A. Huber,* for appellees.

DICKINSON, Judge.

This is an appeal by a plaintiff in a personal injury action from a decision of the Summit County Court of Common Pleas. Plaintiff, a business invitee, was injured when she fell on some pieces of gravel on a walkway as she was leaving a craft store. The trial court granted motions for summary judgment filed by defendants and dismissed plaintiff's claim. In her appeal to this court, plaintiff has assigned three errors: (1) the trial court incorrectly found that the walkway

on which she fell was not a stairway within the meaning of the Ohio Building Code; (2) the trial court incorrectly found as a matter of law that the premises upon which plaintiff was injured were not unreasonably dangerous in view of an affidavit of an engineer submitted by plaintiff that included his conclusion that the walkway was negligently designed; and (3) the trial court incorrectly held that plaintiff could not recover in the absence of evidence that defendants knew or should have known of the alleged unsafe condition of the walkway when plaintiff's claim was based on a theory of negligent design. Plaintiff's assignments of error are overruled and the decision of the court of common pleas is affirmed.

## I.  Factual Background

On April 27, 1991, plaintiff and her daughter visited a craft store, The Village Goose, near Hartville, Ohio. They parked in a gravel lot at the front of the store. The store is on a rise at a higher elevation than the gravel lot and a wooden stair at one side of the lot leads to the front entrance of the store. From the bottom of the wooden stair, a concrete walkway runs parallel to the lot and immediately adjacent to it. The lot itself is on a slight incline with the side on which the wooden stair is located being higher than the other side. To compensate for that incline, the concrete walkway has two risers built into it. There are wooden posts standing on end every few feet along the edge of the walkway adjacent to the parking lot. Those posts appear to be approximately three or four feet in height and are for the apparent purpose of preventing drivers from parking their cars so close that they overhang the walkway. The surface of the walkway is not flush with the surface of the adjoining parking lot; rather, the walkway appears to be an inch or two higher than the parking lot.

Plaintiff and her daughter parked at a location toward the side of the lot away from the wooden stair. In order to reach the stair and enter the store, they walked on the concrete walkway, including stepping up both of the risers. After they had completed their business in the store, as they were returning to their car, plaintiff, as she stepped down from the riser closest to where their car was parked, slipped on some pieces of gravel on the walkway and fell to the ground. She was taken to Akron General Medical Center, hospitalized and treated for a fractured hip, a fractured left clavicle, and an injured back.

Plaintiff filed this action on December 2, 1991, against The Village Goose and H. & T. Enterprises, the owner of the property on which The Village Goose was located. Following discovery both defendants moved for summary judgment. On July 21, 1992, the trial court granted defendants' motion for summary judgment and dismissed plaintiff's complaint. The trial court's decision was based on alternative conclusions: (1) If the walkway was unreasonably danger-

ous, plaintiff presented no evidence that defendants knew or should have known of that unreasonable danger; and (2) the walkway, as a matter of law, was not unreasonably dangerous because "gravel on a sidewalk from an adjoining lot is both expected and commonly encountered." Plaintiff appealed that dismissal to this court.

## II. Discussion

### A. Plaintiff's First Assignment of Error

■ Plaintiff's first assignment of error is that the trial court incorrectly determined that the concrete walkway on which she fell was not a stairway within the meaning of the Ohio Building Code. According to plaintiff, the walkway was in fact a "stairway" and was violative of a number of provisions of the building code including a requirement that it be equipped with an adequate handrail.

A stairway, within the meaning of the Ohio Building Code, is one or more "flights of stairs." A flight of stairs is made up of at least three risers:

"A flight of stairs, for purposes of this code, shall have at least three risers." Ohio Adm.Code (1991), 4101:2–2–01.

As noted previously, the walkway on which plaintiff fell had only two risers. Accordingly, it was neither a "flight of stairs" nor a "stairway" within the meaning of the Ohio Building Code. Plaintiff's first assignment of error is overruled.

### B. Plaintiff's Second Assignment of Error

Plaintiff's second assignment of error was that the trial court incorrectly found as a matter of law that the walkway on which plaintiff was injured was not unreasonably dangerous. Plaintiff has argued that the trial court was foreclosed from such a finding by an affidavit she submitted in which a licensed, professional engineer opined that the design and condition of the walkway were unreasonably dangerous and proximately caused plaintiff's injuries. According to plaintiff, her expert's affidavit was sufficient to create a material issue of fact and foreclose summary judgment in favor of defendants.

In his affidavit, plaintiff's expert first listed three items regarding the walkway on which plaintiff fell that he claimed were violations of the Ohio Building Code. The first was the absence of an adequate handrail. Plaintiff's expert's opinion regarding that absence, however, was based on a contention that the walkway was a "stairway" within the meaning of the code. As was discussed in connection with plaintiff's first assignment of error, inasmuch as the walkway at issue had only two risers, it was not a "stairway." The absence of handrails along the walkway therefore was not a violation of the Ohio Building Code.

■ The second item listed by plaintiff's expert was that the riser on which plaintiff fell was seven and one-half inches high and the current Ohio Building Code sets a maximum permissible height for a riser of seven inches. The version of the code that was effective at the time the walkway was installed, however, permitted seven-and-one-half-inch risers. The fact that the riser was seven and one-half inches high, therefore, was not a violation of the Ohio Building Code.

■ The third item listed by plaintiff's expert was that the walkway had only two risers and they were separated from one another. He asserted that the Ohio Building Code prohibits the existence of single risers. In fact, he stated that the code requires a minimum of three risers at any location. As discussed in regard to plaintiff's first assignment of error, the Ohio Building Code provides that a configuration of three risers is a "stairway." Nothing in the code, however, prohibits a configuration consisting of one or two risers; such configurations are just not "stairways." The fact that the walkway on which plaintiff fell had only two risers was not a violation of the Ohio Building Code.

In addition to his belief that the walkway was violative of the Ohio Building Code, plaintiff's expert opined that its location immediately adjacent to the gravel parking lot, "without any barrier to prevent the accumulation of gravel on the walkway, constituted an unsafe design and created an unsafe condition to persons on the walkway." Specifically, he opined:

"The slope of the walkway and the height of the single step coupled with the loose gravel would allow the accumulation of debris and gravel immediately below the single step. This would create a danger to persons coming down that step as their view of the accumulation would be blocked by the edge of the step and users such as the Plaintiff Jane Jones would not reasonably expect to encounter this hazard."

■ Plaintiff was an invitee on defendant's premises. *Scheibel v. Lipten* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453. Therefore, defendants had a duty to exercise ordinary care for her safety. *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 167, 502 N.E.2d 611, 613. They were not, however, insurers of her safety. *Holdshoe v. Whinery* (1968), 14 Ohio St.2d 134, 43 O.O.2d 240, 237 N.E.2d 127. The extent of their duty was to keep their premises in a reasonably safe condition and to warn plaintiff about any hidden dangers of which they had or should have had knowledge. *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 26 O.O. 161, 49 N.E.2d 925. "The basis of liability in such case is the owner's superior knowledge of existing dangers or perils to persons going upon the property." *Englehardt v. Philipps* (1939), 136 Ohio St. 73, 78, 15 O.O. 581, 583, 23 N.E.2d 829, 832.

■ Carol R. Walters, one of the owners and operators of The Village Goose, testified that approximately five hundred customers a week would visit the shop and that none of them had ever complained of falling on gravel on the walkway. She testified that she occasionally, maybe once a month, saw some gravel from the parking lot on the walkway but that it was "nothing frequent or a problem." Although plaintiff's expert opined that the walkway was constructed in such a way that loose gravel would accumulate on it, plaintiff presented no evidence that accumulation actually occurred with such frequency that defendants should have known that the walkway was unreasonably dangerous. If, therefore, the walkway at issue can be viewed as unreasonably dangerous, plaintiff failed to present any evidence that defendants knew or should have known of that danger.

■ Alternatively, the presence of gravel on the walkway did not render it unreasonably dangerous. As noted by the trial court, a minor imperfection which is not unreasonably dangerous and is commonly encountered and expected cannot create liability. *Helms v. Am. Legion* (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734. A few pieces of gravel on a concrete walkway adjacent to a gravel parking lot are to be expected. In fact, plaintiff testified on deposition that she had a gravel driveway at her home with a sidewalk abutting it and that she has occasionally found gravel from her driveway on that sidewalk. She said that it does not happen often because "there is no one coming into my driveway to get gravel on very often." Plaintiff's experience was not unlike that of other people. Gravel on a walkway next to a gravel parking lot or driveway is, as held by the trial court, a "minor imperfection, commonly encountered and expected." To hold defendants liable for such "trivial departures from perfection" would be to render them insurers for plaintiff's safety and "the law does not go that far." *Id.* at 62, 34 O.O.2d at 126, 213 N.E.2d at 736.

■ The trial court correctly concluded, as a matter of law, that no reasonable trier of fact could find that the walkway at issue was unreasonably dangerous:

"The question as to whether the condition of premises complained of is an unreasonably dangerous condition is usually a question of fact for determination by the jury or other trier of the facts. However, where reasonable minds cannot determine that such condition was unreasonably dangerous, the trial court should not permit a jury to determine that it was." *Smith v. Properties, Inc.* (1965), 2 Ohio St.2d 310, 317, 31 O.O.2d 573, 577, 209 N.E.2d 142, 147 (Taft, C.J., dissenting). (In *Helms v. Am. Legion* [1966], 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734, the court overruled the decision in *Smith* based upon the reasoning of Chief Justice Taft's dissent.) Further, in doing so, the trial court correctly disregarded that part of plaintiff's expert's affidavit in which he stated that plaintiff "would not reasonably expect to encounter" gravel on the walkway below the step. Pursuant to Civ.R. 56(E), affidavits supporting or opposing summary

judgment are to be based on "personal knowledge" and "shall set forth such facts as would be admissible in evidence." Plaintiff's expert's conclusory statement of what he believed would be reasonably expected by a person on a walkway next to a gravel parking lot did not satisfy that standard. *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65, 582 N.E.2d 1040; *State v. Licsak* (1974), 41 Ohio App.2d 165, 70 O.O.2d 325, 324 N.E.2d 589. The affidavit of plaintiff's expert presented in opposition to defendants' motions for summary judgment did not establish a genuine issue of material fact for trial.

The trial court correctly granted defendants' motions for summary judgment on the alternative bases stated by it. Accordingly, plaintiff's second assignment of error is overruled.

### C. Plaintiff's Third Assignment of Error

■ Plaintiff's third assignment of error is that the trial court incorrectly held that she could not recover in the absence of evidence that defendants knew or should have known of the alleged unsafe condition of the walkway when her claim was based on a theory of negligent design. Plaintiff has asserted that defendants "are charged with knowledge of the design of the property and the building code violations in existence."

It is true that a defendant is charged with knowledge of a condition he created. See *Fox v. Ben Schechter & Co.* (1937), 57 Ohio App. 275, 277, 9 O.O. 101, 102, 13 N.E.2d 730, 731. The undisputed evidence in this case, however, was that the walkway at issue was not installed by either defendant. Rather, it was installed by a previous owner of the property. Further, as discussed above, the trial court's grant of summary judgment can be affirmed on the alternative basis that gravel on the walkway did not render it unreasonably dangerous. "In a case where a defect is so trivial or minor and is of a type routinely encountered as not to give rise to liability, the question of notice becomes irrelevant." *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 50, 550 N.E.2d 517, 521. Plaintiff's third assignment of error is overruled.

### III. Conclusion

Plaintiff's assignments of error are overruled. The decision of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.