DAVIS et al., Appellants,

v.

SCHINDLER ELEVATOR CORPORATION, Appellee.

[Cite as *Davis v. Schindler Elevator Corp.* (1994), 98 Ohio App.3d 18.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66318.

Decided Oct. 3, 1994.

*Levey & Gruhin, Harold L. Levey* and *Arthur E. Dombeck,* for appellants.
*Fuller & Henry, Michelle Morgan* and *Donna Wood,* for appellee.

KRUPANSKY, Judge.

Plaintiffs-appellants Edward and Patricia Davis appeal from an order of the trial court granting summary judgment in favor of defendant-appellee Schindler Elevator Corporation.

The record demonstrates plaintiffs filed a complaint and amended complaint against defendant in the trial court in the case *sub judice* following the voluntary dismissal of a prior action arising from the same incident. Plaintiffs alleged Edward Davis received personal injuries May 8, 1989 when the elevator he was riding dropped to the springs rather than stopping at the first floor due to negligent maintenance of the elevator by defendant's corporate predecessor, Emco–Taylor Elevator Company. The incident allegedly occurred at the High Point Apartments located at 2425 West River Road in Elyria, Ohio, where Edward Davis was employed as a janitor. Patricia Davis joined her claim for loss of consortium. Defendant filed an answer to plaintiffs' amended complaint following the denial of its motion to dismiss plaintiffs' original complaint.

Defendant thereafter filed a motion for summary judgment August 6, 1993 supported by the following documents, *viz.*: (1) an affidavit from defendant's manager of service operations, Bradley Baker, concerning maintenance of the apartment elevators; (2) a copy of the elevator maintenance contract with the apartment; (3) completed work orders and inspection records for the elevators in the apartment for a five-month period prior to the incident; (4) telephone records for the same five-month time period prior to the incident; (5) an affidavit of an elevator mechanic employed by defendant who maintained the subject elevator, Michael Tagliarina; (6) a completed work order for the elevator the day following the incident; and (7) an affidavit from apartment tenant Robert France. Plaintiffs filed a brief in opposition to defendant's motion for summary judgment September 2, 1993 supported by the affidavit of Richard Harkness, a mechanical engineer.

The trial court subsequently granted defendant's motion for summary judgment and denied defendant's motion to file a reply brief in orders journalized September 20, 1993. Plaintiffs timely appeal raising the following sole assignment of error:

"Trial Court erred, to the prejudice of the plaintiffs/appellants, in granting the motion for summary judgment of defendants/appellees."

Plaintiffs' sole assignment of error lacks merit.

Plaintiffs contend the trial court improperly granted summary judgment in favor of defendant since they presented expert testimony in the affidavit of Richard Harkness to establish a genuine issue of fact as to whether defendant negligently maintained the elevator. However, based on our review of the record, plaintiffs have failed to exemplify any error.

It is well established that to defeat summary judgment and demonstrate an actionable claim against an elevator maintenance contractor in a personal injury action, plaintiffs must produce evidence to establish the following, *viz.:* (1) defendants owed plaintiff a duty, (2) defendant breached a duty to plaintiff, (3) defendant's breach proximately caused plaintiff's injury, and (4) the existence of plaintiff's injury. *Heneghan v. Sears, Roebuck & Co.* (1990), 67 Ohio App.3d 490, 493, 587 N.E.2d 854, 855, citing *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532; *Banks v. Otis Elevator Co.* (Dec. 17, 1987), Cuyahoga App. No. 53059, unreported, at 5–6, 1987 WL 29664.

The scope of defendant's duty under the elevator maintenance contract with the High Point Apartment management company in the case *sub judice* is to "use all reasonable care to maintain the elevator in proper and safe operating condition." To demonstrate an actionable claim against defendant, plaintiffs must establish defendant breached this duty of care to the High Point Apartments by failing to properly maintain the elevator. *Id.* The parties' dispute in the case *sub judice* concerns whether defendant breached its duty to maintain the elevator where the accident allegedly occurred.

Defendant's motion for summary judgment argued plaintiffs could not establish defendant breached its duty to maintain the elevator under the elevator maintenance contract because there was no evidence (1) defendant knew of any dangerous condition existing in the elevator, or (2) any dangerous condition existed for a sufficient time that defendant should have discovered and corrected the condition. The affidavit of defendant's manager of service operations, Bradley Baker, stated that defendant inspected the apartment elevators monthly during the five-month period prior to the alleged May 8, 1989 incident, including on one occasion approximately two weeks prior thereto on April 20, 1989. In

addition his testimony revealed no reports of any elevators overshooting the floors were made during this time.

Plaintiffs did not produce evidence defendant actually knew any dangerous condition existed in the elevator, but offered the Harkness affidavit in an effort to establish defendant had sufficient constructive notice of a dangerous condition in the elevator. However, based on our review of the record, plaintiffs have failed to demonstrate the trial court erred by granting summary judgment to defendant in the case *sub judice*.

It should be noted at the outset that the trial court was not required to consider the six-paragraph Harkness affidavit since the affidavit (1) did not indicate Harkness was qualified as an expert to render opinions concerning elevator maintenance, and (2) contained only conclusory statements and legal conclusions without sufficient supporting facts. See *Jones v. H. & T. Enterprises* (1993), 88 Ohio App.3d 384, 388–390, 623 N.E.2d 1329, 1332–1333; *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65, 68–69, 582 N.E.2d 1040, 1042–1043.

Paragraph one of the Harkness affidavit merely states Harkness received a Ph.D. and was a registered professional mechanical engineer retained by plaintiffs to issue an opinion in this case. However, the Harkness affidavit contains absolutely no indication Harkness possessed any specific skill, knowledge, expertise, experience, training or education concerning elevator inspection, maintenance or repair to demonstrate his qualification to render opinions on these subjects. This court of appeals has specifically recognized that a mechanical engineer does not qualify as an expert witness in this context without such foundation. *Banks v. Otis Elevator Co., supra*, at 8.

Moreover, this defect of the Harkness affidavit in failing to establish a sufficient foundation for his testimony as an expert is compounded by the perfunctory nature of the statements contained in the following five paragraphs of the affidavit. It is axiomatic that even a properly qualified expert may not give testimony which merely contains conclusions of law without supporting facts. *Jones v. H. & T. Enterprises, supra; Stamper v. Middletown Hosp. Assn., supra.*

Paragraphs two and three of the Harkness affidavit contain the only factual statements in the affidavit and can be summarized as follows: Harkness "inspected the subject elevator" and "certain work orders" and determined defendant "replaced" "the first floor down stop selector button microswitch" and "adjusted" "the down valve" on May 9, 1989 one day after the alleged incident. The Harkness affidavit thereafter provides, without any supporting facts whatsoever, in its entirety as follows:

" * * * Therefore, it is evident that the down valve failed causing the elevator to overshoot the first floor and cause [*sic*] the accident which is the subject of this case.

"4. It is imperative that the valves which are part of the subject elevator receive the required inspection and maintenance and needed repairs be made immediately in order to prevent an overshoot of a floor by the elevator. It is evident the valves in the subject elevator were not inspected and maintained as required under industry standards, since this impending failure would have and/or should have been diagnosed had proper inspection and maintenance been performed.

"5. It is not reasonable to believe that the failure of the down valve in this case occurred suddenly and without warning.

"6. Based on a reasonable degree of engineering certainty, I conclude as follows: 1. The accident occurred because of the failure of the down valve; 2. The impending failure of the valve could have and should have been diagnosed by inspection of the valves prior to the accident as part of ordinary maintenance of the elevator; 3. The failure to diagnose the failure of the down valve constitutes defective maintenance; and 4. As a result, the elevator was more dangerous than the average user would expect when used in an intended manner."

The Harkness affidavit provides absolutely *no factual basis* to support the conclusions that (1) failure of the down valve caused the incident, (2) the elevator valves were not inspected and maintained in accordance with industry standards, or (3) the failure of the down valve did not occur suddenly and without warning. The Harkness affidavit likewise provides *no facts* to support its main conclusion that (1) any alleged valve defect existed for a sufficient time for defendant to have discovered the condition, or (2) that defendant's alleged failure to discover and correct the valve prior to the incident made the elevator unreasonably dangerous. The Harkness affidavit simply maintains without supporting facts of any kind that the *impending* valve failure somehow "could," "would" or "should" have been discovered. The affidavit does not describe or state what condition existed in the down valve to alert a maintenance technician to the *impending* valve failure or when such condition arose and "should" have been discovered.

Finally, as noted above, defendant's duty concerning maintenance of the elevator in the case *sub judice* was limited by its maintenance contract with the apartment "to use reasonable care to maintain the elevator in proper and safe operating condition." *Heneghan v. Sears, Roebuck & Co., supra*, 67 Ohio App.3d at 494, 587 N.E.2d at 856. The Harkness affidavit does not address this standard of reasonable care and was apparently drafted to support a products liability claim involving the consumer expectations test rather than the premises liability claim asserted by plaintiffs in the case *sub judice*. The bald assertion that the

failure to discover the impending valve failure made the elevator "more dangerous than the average user would expect" does not establish that the elevator was unreasonably dangerous.

Based on our review of the record, plaintiffs have failed to demonstrate the trial court erred by granting summary judgment in favor of defendant in the case *sub judice.* As noted above, defendant's motion for summary judgment placed the burden on plaintiffs to produce admissible evidence to support their claims. Plaintiffs' failure to produce such evidence in the case *sub judice* warranted summary judgment for defendant as a matter of law.

Accordingly, plaintiffs' sole assignment of error is overruled.

*Judgment affirmed.*

HARPER, P.J., and DAVID T. MATIA, J., concur.