OPINION
Appellants James and Gloria Wise appeal a summary judgment of the Stark County Common Pleas Court dismissing their complaint against appellee Fleishour Homes, Inc.:
ASSIGNMENTS OF ERROR:
 I. THE LOWER COURT ERRED BY HOLDING THAT APPELLANT, JAMES D. WISE, WAS A LICENSEE RATHER THAN AN INVITEE ON PREMISES POSSESSED AND CONTROLLED BY APPELLEE AND BY HOLDING THAT APPELLEE ONLY OWED APPELLANTS A DUTY TO REFRAIN FROM WILLFUL, WANTON OR RECKLESS ACTS.
 II. THE LOWER COURT ERRED BY HOLDING THAT THE APPELLEE OWED NO DUTY TO APPELLANTS SINCE THE UNSAFE CONDITION OF THE PREMISES WAS OPEN AND OBVIOUS TO APPELLANTS.
 III. THE LOWER COURT ERRED BY GRANTING SUMMARY JUDGMENT AS REASONABLE MINDS COULD CONCLUDE THAT THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER APPELLEE NEGLIGENTLY PERMITTED A DANGEROUS CONDITION TO EXIST ON THE PREMISES AND, THEREFORE, BREACHED ITS DUTY OF ORDINARY CARE OWED TO APPELLANTS.
 IV. THE LOWER COURT ERRED BY IMPERMISSIBLY WEIGHING EVIDENCE PRESENTED BY APPELLANTS' EXPERT WITNESS.
 V. THE LOWER COURT ERRED IN SUMMARILY DISPOSING OF APPELLANTS' ENTIRE CASE WHERE APPELLEE'S DISPOSITIVE MOTION ONLY RELATED TO APPELLANTS' COMMON LAW CLAIM.
 VI. THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT AS REASONABLE MINDS COULD CONCLUDE THAT GENUINE ISSUES OF MATERIAL FACT EXIST AS TO THE APPELLEE'S LIABILITY PURSUANT TO SECTIONS 4101.11 AND 4101.12
OF THE OHIO REVISED CODE.
Appellants contracted with appellee to construct a new home on property owned by appellants. Pursuant to the purchasing agreement, appellants would not take possession of the home until construction was complete, and the purchase price had been paid in full. Appellants were prohibited from being on the job site between the hours of 7:00 AM and 5:00 PM. Appellant James Wise visited the job site on several occasions to inspect and observe the construction. Several of the visits were upon an express invitation from appellee, in order to scrutinize specific work performed on the house. Other visits were pursuant to appellant's initiative.
On Saturday, April 1, 1995, James Wise arrived at the job site at approximately 7:00 AM. No one else was present at the site.
At that point of the construction, the only means of access to the house was through a door on the side porch. The porch was elevated approximately forty-four inches from the ground. A wooden plank had been propped against the porch to serve as a ramp. Appellant entered the house by way of the ramp.
When he left the house, appellant walked through the door and began descending the plank. When appellant had proceeded nearly two-thirds of the way down the plank, he slipped and fell, breaking his leg.
Appellants brought the instant action against appellee, alleging that appellee was negligent, and failed to comply with R.C. 4101.11. Appellee moved for summary judgment. The court granted the motion, and dismissed the complaint.
 I.
Appellants first argue that the court erred in finding that James Wise was a licensee on the day of the accident, rather than an invitee.
An invitee is a person who is invited to enter for a purpose beneficial to the possessor of the land. Provencher vs. OhioDepartment of Transportation (1990), 49 Ohio St.3d 265, 266. The invitation to enter may be either express or implied. Gladon vs.Greater Cleveland Regional Transit Authority (1996), 75 Ohio St.3d 312,315.
Until the purchase price was paid for the house, appellee was in possession of the property. Appellants were only permitted to be on the property during certain hours. Appellant's presence on the property during construction clearly conferred an economic benefit to appellee. On-going inspection and consultation was important to successful completion of the house to the satisfaction of both parties, and in accordance with the contract. The contract bound appellee to complete the house according to the specifications of appellants and to their satisfaction. Therefore, appellant was an invitee on the day of the accident, as he was on the premises, by implied invitation, to confer an economic benefit on appellee.
The first Assignment of Error is sustained. However, because of our ruling in Assignments of Error II. and III., the outcome of the case is not affected by the trial court's error as to appellant's status.
 II.
Because appellant was an invitee, appellee had a duty to exercise ordinary care with respect to his safety. E.g., Presleyvs. Norwood (1973), 36 Ohio St.2d 29, 31. The duty of ordinary care imposes the responsibility of keeping the premises free from dangers not discernable by a reasonably prudent person, and to warn of concealed dangers of which the land owner knows or should know. Anderson vs. Ruoff (1995), 100 Ohio App.3d 601, 605. The duty of ordinary care does not impose a responsibility to protect against dangers that are so obvious and apparent that the invitee may reasonably be expected to discover and protect against them.Id., citing Simmers vs. Bentley Construction Company (1992),64 Ohio St.3d 642, 644.
In the instant case, reasonable minds could only conclude that the danger was open and obvious to appellant. The plank was not a permanent structure, but was a board propped against the porch for temporary access until the stairs could be completed. The plank was obviously unsecured, as it would be removed after construction was complete. Appellant admitted in his deposition that he had probably entered and exited the house by walking the plank six times prior to the day of the accident. On the day of the accident, he had successfully walked up the plank to enter the house. Therefore, appellant was aware that the ramp was unsecured, and was aware of the angle of the board.
Appellant now attempts to argue that he was not aware that it was snowing on the day of the accident, and therefore, the danger from the wet plank was not open and obvious. Although appellant testified at his deposition that it was not snowing as he exited the house, he had earlier stated that snow was falling at the time of the accident. He admitted in his deposition that he had earlier made this statement concerning his knowledge of the snow. Therefore, the trial court did not err in concluding that pursuant to Civ.R. 56 (C), summary judgment was appropriate, as reasonable minds could only conclude on the undisputed facts that the condition of the plank was open and obvious to appellant.
The second Assignment of Error is overruled.
 III.
Appellants also argue that reasonable minds could conclude that appellee negligently permitted a dangerous condition, as the ramp was unsecured, did not have cleats to reduce slipping, and was at an angle exceeding the maximum slope allowed by the building code.
As stated in Assignment of Error II. above, reasonable minds could only conclude that the danger was open and obvious, and appellee owed no duty to appellant concerning the temporary ramp. Further, although appellants claim that the ramp was unreasonably dangerous, there is no evidence establishing that any such defect was the proximate cause of appellant's fall. Appellant admitted that he had no idea what caused him to fall. Appellants have presented no other evidence of a specific defect in the ramp which caused the fall.
The third Assignment of Error is overruled.
 IV.
Appellants argue that the court improperly rejected the affidavit of Cameron Speck, and thereby impermissibly weighed the expert opinion. This claim is without merit. The affidavit merely sets forth a conclusive opinion that the wooden plank used as a walkway did not comply with applicable safety standards, and was not constructed in a safe manner. Absent factual support, an affidavit which merely sets forth a legal conclusion or opinion does meet the requirements of Civ.R. 56 (E). Stamper vs.Middletown Hospital Association (1989), 65 Ohio App.3d 65, 69. Even a properly qualified expert may not give testimony which merely contains Conclusions of Law, without supporting facts.Davis vs. Schindler Elevator Corporation (1994), 98 Ohio App.3d 18,21.
The trial court properly disregarded the expert's affidavit.
The fourth Assignment of Error is overruled.
 V.
Appellants argue that the court erred in dismissing their statutory claim, as appellee's motion for summary judgment related solely to their common law claim of negligence.
R.C. 4101.11 codifies the common law duty owed by the owner or occupier of premises to a business invitee to keep the premises in a reasonably safe condition, and to warn of latent or concealed perils of which he has, or should have, knowledge. Westwood vs.Thrifty Boys Supermarkets, Inc. (1972), 29 Ohio St.2d 84. As stated in Assignment of Error II. and III. above, there was no evidence from which reasonable minds could conclude that appellee breached the duty owed to an invitee. As the statute was merely a codification of the common law, the trial court did not err in entering summary judgment on the statutory claim.
The fifth Assignment of Error is overruled.
 VI.
Appellant argues that the trial court erred in finding R.C.4101.11 and 4101.12 inapplicable in the instant action.
As noted above, if the statute applied, it imposes the same duty imposed by the common law to an invitee. Because we have found that reasonable minds could only conclude that this duty was not violated, summary judgment was appropriate on the statutory claim.
The sixth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00208
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellants.