ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
Plaintiff-appellant Deborah Crawford (appellant) contests the award of summary judgment entered in Cuyahoga County Court of Common Pleas in favor of defendant-appellee Millar Elevator Service Company (appellee) on appellant's claim for damages due to appellee's alleged negligence asserting that justiciable issues of fact exist which preclude summary judgment. We find no reversible error and affirm.
The record demonstrates that on July 28, 1998, following the voluntary dismissal of a prior action arising out of the same incident, appellant filed a six-count complaint in which she alleged she fell and suffered injury to her knee when the elevator at the Case Western Reserve Medical School failed to level, naming as defendants both appellee, the elevator service company who provided maintenance, and John Doe. Service was never perfected upon the John Doe defendant. Appellant asserted three counts of negligence against appellee claiming that the failure of the elevator to level demonstrated: (1) a hazardous condition created by appellee; (2) a breach of appellee's duty of care; and (3) appellee's negligent maintenance of the elevator. Appellee answered the complaint generally denying the allegations, discovery ensued and appellee moved for summary judgment claiming that it had breached no duty owed to appellant. Appellee supported its motion with the deposition testimony of appellant; its maintenance contract with Case Western Reserve University, pursuant to which appellee performed its maintenance duties; various work orders; and the affidavit of the maintenance mechanic primarily responsible for servicing the accident elevator, wherein he attested to the services requested and performed on the subject elevator. In response, appellant filed her brief in opposition supported by the affidavit of Russell G. Kramer, a technical elevator consultant, who inspected the subject elevator two years after the incident and concluded, based upon a reasonable degree of probability, the misleveling of the elevator occurred due to poor maintenance performed by appellee. On July 29, appellee filed its reply brief. On October 19, 1999, the trial court, entered judgment in favor of appellee citing Heneghan v. Sears Roebuck and Co. (1990), 67 Ohio App.3d 490
and Davis v. Schindler Elevator Corp. (1994), 98 Ohio App.3d 18. This timely appeal follows by which appellant challenges the trial court's grant of appellee's motion for summary judgment.
 I. APPELLEE WAS NEGLIGENT IN SERVICING AND MAINTAINING THE WEST WING — WEST CAR ELEVATOR (THE ACCIDENT ELEVATOR).
 II. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE ISSUES OF MATERIAL FACTS EXIST
We shall consider appellant's claimed errors together as they have a common basis in fact and law. First, appellant claims that appellee breached its required duty to use reasonable care in maintaining the accident elevator. Appellant then maintains that the trial court erred in granting judgment in favor of appellee asserting that she offered specific evidence to establish that appellee failed to use reasonable care in servicing and maintaining the elevator thereby creating a genuine issue of fact in dispute.
Civ.R. 56(C) provides in relevant part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the case show that there is genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
An appellate court's review of summary judgments is de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212. In Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201, the Ohio Supreme Court restated the appropriate test for summary judgment as follows:
 Pursuant to Civ.R. 56 summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
In this case, when we construe the evidence most strongly in favor of appellant, we are asked to determine whether a material question of fact existed as to whether appellee was negligent in its service and repair of the accident elevator, thus, precluding the grant of summary judgment in appellee's favor.
In order to sustain an action in negligence, a party must establish the three essential elements: duty, breach of the duty, and an injury proximately caused by the breach. Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 472 N.E.2d 707.
In Heneghan v. Sears, Roebuck and Co. (1990), 67 Ohio App.3d 490, the plaintiff was injured when the escalator upon which she was riding shuddered causing her to fall. The trial court granted judgment in favor of the escalator maintenance service company. This court affirmed the decision of the trial court concluding that although the injured person has a right of action directly against an offending contractor if the duty is negligently or carelessly performed, the scope of the duties owed is, as a matter of law, limited by the maintenance agreement with the owner of the escalator. In Heneghan, the contractor provided evidentiary materials to demonstrate its compliance with the maintenance agreement. In response, the plaintiff, filed the affidavit of her own expert who examined the escalator more than two and one-half years after the fall and opined that the step demarcation lights were probably negligently maintained giving rise to the possibility that plaintiff fell as a result of having stood between two undemarcated steps. However, plaintiff had deposed that improper lighting was not the cause of her fall. This court approved the grant of summary judgment in favor of the maintenance company concluding that [i]n short, appellants offered no evidentiary materials, on file at the time of the trial court's ruling, to counter appellee's negation of any breach of its contractual duties under the maintenance agreement * * *.
In Davis v. Schindler Elevator Corp. (1994), 98 Ohio App.3d 18, this court affirmed the grant of summary judgment in favor of the maintenance contractor where the motion for judgment based upon its proper performance of its duties pursuant to its contract was supported by the maintenance contract, affidavits from the manager of service operations and the mechanic, the work orders and inspection records. The Davis plaintiffs opposed the motion and supported its position with the affidavit of an engineer who concluded that the accident was a result of a valve failure and the failure to diagnose the problem constituted defective maintenance.
This court in Davis determined that the trial court was not required to consider the affidavit of plaintiff's expert since the affidavit: (1) did not indicate that it was offered by an expert who was qualified to render opinions concerning elevator maintenance; (2) the affidavit contained only conclusory statements and legal conclusions without supporting facts; and (3) the affidavit failed to establish the standard of reasonable care involving a premises liability claim. As such, the Davis court found that plaintiff's failure to produce admissible evidence to support its claim of negligent maintenance warranted summary judgment for the elevator maintenance company as a matter of law.
Thus, the scope of appellee's duties to appellant is, as a matter of law, limited by the maintenance agreement. Heneghan, supra; Banks v. Otis Elevator Co. (Dec. 17, 1987), Cuyahoga App. No 53059, unreported. The record demonstrates that the scope of appellee's duty under the elevator maintenance contract with Case Western Reserve University was to conduct weekly preventative work to maintain the elevators in a satisfactory and safe operating condition and to respond when notified of a need for service.
Appellee's motion for summary judgment argues that it has provided evidence that it has performed pursuant to the contract, there is no evidence that it knew of any misleveling condition of the elevator, and there is no evidence that the condition existed for a sufficient time that it should have discovered the misleveling condition. Appellee's supporting documents demonstrate compliance with the maintenance agreement requirements. Appellee contends, therefore, that appellant cannot establish that appellee breached its duty pursuant to its contract.
Appellant, in response, offered the affidavit of Russell Kramer who based his opinion upon his observation of the condition of the elevator two years after the incident and concluded that because nothing was reported to be defective or broken then the most logical conclusion is a maintenance problem.
We find that the trial court was not required to consider the Kramer affidavit since it did not indicate that Kramer was an expert qualified to render opinions regarding elevator maintenance and the affidavit contained only conclusory statements and legal conclusions without sufficient supporting facts. See Davis v. Schindler, supra. Absent factual support, an affidavit which merely sets forth a legal conclusion or opinion does meet the requirements of Civ.R. 56(E). Stamper v. Middletown Hospital Association (1989), 65 Ohio App.3d 65, 69. Even a properly qualified expert may not give testimony which merely contains Conclusions of Law, without supporting facts. Davis, supra at 21. We emphasize that mere conclusory statements and allegations are insufficient to raise genuine issues of material fact. See Jackson v. Alert Fire Safety Equipment, Inc. (1991), 58 Ohio St.3d 48,52; Wilson v. Lynch Lynch Co., L.P.A. (1994), 99 Ohio App.3d 760,769; Jones v. H. T. Enterprises (1993), 88 Ohio App.3d 384, 390.
As such, we find that appellant has offered no evidentiary materials to counter appellee's negation of any breach of its contractual duties. Therefore, no issue of material fact exists as to whether appellee was negligent in servicing or maintaining the accident elevator. Accordingly, the trial court did not err in its grant of summary judgment in favor of appellee in reliance on Heneghan, supra and Schindler, supra. Appellant's assigned errors are not well taken.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
JAMES D. SWEENEY, J. and PATRICIA ANN BLACKMON, J., CONCUR.