JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants Robin and Florida Hunt (the "Hunts") appeal the trial court's granting summary judgment in favor of the defendant-appellee Sysco Food Services of Cleveland ("Sysco"). We find no merit to this appeal and affirm.
 {¶ 2} Robin Hunt ("Hunt") was a truck driver for Tigator, Inc. On February 3, 2000, at approximately 6:30 a.m., he entered the Sysco facility in Bedford Heights to make a delivery. While preparing to unload his truck, he was injured when his hand was apparently crushed as a truck operated by James Graham ("Graham") passed his truck.
 {¶ 3} Hunt testified at deposition that he had no recollection of how the accident occurred. He recalled standing at the rear of his trailer, preparing to open and secure the trailer doors, when Graham pulled up and asked him what he was doing. He remembered informing Graham that he was preparing to back his truck into the bay, but had no further memory of what occurred thereafter.
 {¶ 4} Graham testified at his deposition that after inquiring what Hunt was doing, he requested to pull past Hunt's truck, to which Hunt responded "yes." Graham's truck was approximately three feet away from Hunt's when he drove past it. He had nearly cleared Hunt's truck when he heard a loud noise and observed Hunt lying on the ground. Graham further testified that he had no knowledge as to how Hunt was injured, but immediately after the accident, Hunt told him that "he thought the wind caught his door" and "he tried to catch his door" while Graham's truck was passing by.
 {¶ 5} Following the accident, the Hunts brought suit against defendants Graham and his employer, Vale Logistics, Inc. (Vale), and Sysco, alleging claims for negligence and loss of consortium. The defendants moved for summary judgment, which the trial court granted as to Sysco only. In granting Sysco's motion, the trial court stated:
{¶ 6} "The defendant has breached no duty that it may haveowed the plaintiff. Further, although the plaintiff has retainedan expert, Mr. Enz cites no statutes, ordinances or regulationsthat Sysco has violated."
 {¶ 7} Subsequently, the Hunts settled their claims with Graham and Vale and dismissed them from the case. Following the dismissal, the Hunts filed the instant appeal, raising one assignment of error.
 {¶ 8} The Hunts argue that the trial court erred by granting Sysco's motion for summary judgment because Sysco owed Hunt a duty and because genuine issues of material fact existed as to whether Sysco breached its duty of care and whether such breach caused his injuries.
 {¶ 9} We review a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club,82 Ohio St.3d 367, 369-370, 1998-Ohio-389, as follows:
{¶ 10} "Pursuant to Civ.R. 56, summary judgment is appropriatewhen (1) there is no genuine issue of material fact, (2) themoving party is entitled to judgment as a matter of law, and (3)reasonable minds can come to but one conclusion and thatconclusion is adverse to the nonmoving party, said party beingentitled to have the evidence construed most strongly in hisfavor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679,1995-Ohio-286, paragraph three of the syllabus. The party movingfor summary judgment bears the burden of showing that there is nogenuine issue of material fact and that it is entitled tojudgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107."
 {¶ 11} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385,1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359,1992-Ohio-95.
 {¶ 12} The Hunts contend that the trial court erred by granting Sysco's motion for summary judgment because it erroneously concluded that Sysco did not owe Hunt any duty. The Hunts further argue that the trial court improperly discredited their expert and, consequently, the court wrongly concluded that there were no genuine issues of material fact as to a breach of duty or causation. In response, Sysco argues that, although it owed Hunt a duty of ordinary care, Enz's conclusory affidavit was insufficient to demonstrate a genuine issue of material fact on the issues of breach of this duty and causation. We agree.
 {¶ 13} Initially, we note that contrary to the Hunts' assertion, the trial court never found that Sysco owed no duty. Rather, it properly recognized that reasonable minds could conclude only that it did not breach any duty.
 {¶ 14} In the instant case, Hunt was a business invitee on Sysco's premises and accordingly, it owed him a duty to exercise ordinary care and to protect him by maintaining the premises in a reasonably safe condition. McCann v. S.E. Harley-Davidson,
Cuyahoga App. No. 80089, 2002-Ohio-473, citing Presley v.Norwood (1973), 36 Ohio St.2d 29, 31. See, also, Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203.
 {¶ 15} In support of its motion for summary judgment, Sysco submitted the deposition testimony of both Hunt and Graham. Noticeably absent from their testimony was any allegation that the Sysco facility was unsafe. Specifically, neither Hunt nor Graham indicated that there were any lighting problems or that traffic flow was dangerous or even confusing as a result of poor signage or traffic control markings.
 {¶ 16} The Hunts opposed Sysco's motion for summary judgment and attached an affidavit of Bruce Enz, an accident reconstruction expert. The Hunts claimed that based on Enz's findings that Sysco failed to properly illuminate the area, to provide positive lane guidance, or to provide advisory and instruction signs, genuine issues of material fact existed as to a breach of duty. Additionally, the Hunts argued that Enz's references to the space constraints on the premises combined with Sysco's own admissions that it failed to have a traffic coordinator or specific traffic safety procedures, further evidenced Sysco's breach of its duty to maintain the premises in a reasonably safe condition.
 {¶ 17} We find that Enz's affidavit fails to create a genuine issue of material fact to overcome Sysco's evidence that it neither breached a duty nor caused Hunt's injuries. First, the affidavit failed to address the duty of ordinary care owed an invitee and how Sysco's alleged "failures" rendered the premises unreasonably unsafe. See Davis v. Schindler Elevator Corp.
(1994), 98 Ohio App.3d 18, 22 (rejecting affidavit because it failed to address the appropriate standard of care owed the plaintiff).
 {¶ 18} Next, although Enz suggested that Sysco should utilize certain precautionary methods, i.e., "advisory signs" and "positive lane guidance," he failed to cite any basis for the necessity of such measures to maintain the premises in a reasonably safe condition. As noted by the trial court, Enz failed to identify how any one of these conditions violated any applicable statute, ordinance, or government regulation. Although such a violation is not required to show a breach of duty, it is necessary under the instant circumstances, i.e., where there is no testimony that the premises were unreasonably unsafe, that citation to some authority be made to support the Hunts' claim of negligence.
 {¶ 19} Finally, contrary to the Hunts' assertion, Enz never stated that the lighting was inadequate. Rather, he stated that it was not "highly effective" because the lights were mounted on the buildings and not on separate light posts. However, Enz failed to cite any authority for this heightened standard of "highly effective" lighting as opposed to sufficient lighting.
 {¶ 20} In regard to proximate cause, we find that Enz's statements as to causation amounted to mere speculation without regard to the actual circumstances of the accident and, thus, failed to establish proximate cause. In his affidavit, Enz stated that Sysco's "failure to effectively provide positive lane guidance, illuminate the lot driving area surface or provide advisory and instruction signs was a proximate cause of the accident." However, Enz failed to state any specific facts linking these alleged failures to the actual accident. SeeSteinmetz v. Latva, Erie App. No. E-02-025, 2003-Ohio-3455 (finding that expert testimony was inadmissible to prove causation because its attempt to link defendant's alleged breach to plaintiff's injury was based on mere conjecture). Moreover, Enz made his conclusory statement on proximate cause despite the absence of any testimony by Hunt or Graham that the lighting was insufficient or that the parking lot was confusing without "positive lane guidance" or "advisory and instruction signs." Finally, Enz's statements on proximate cause are arguably inadmissible because he failed to attest to causation in terms of probability. See Steinmetz, supra, at ¶ 21, citing Stinson v.England, 69 Ohio St.3d 451, 455, 1994-Ohio-35, paragraph one of the syllabus (holding that an expert testifying as to causation must testify in terms of probability).
 {¶ 21} The Hunts also claim that Enz's and Graham's testimony regarding Sysco's placement of the poles in the traffic area created a genuine issue of material fact as to a breach because it rendered the facility unsafe. However, we find no support in the record for these allegations. Enz never stated that the placement of the poles created a dangerous condition. Rather, he stated that Graham's maneuvering of his truck "cramped the area." Although this evidence may demonstrate a breach by Graham, the same is not true as to Sysco.
 {¶ 22} Similarly, the Hunts failed to offer any support for their claim that Sysco breached its duty by failing to have a traffic coordinator and specific safety procedures. Again, their argument confuses the actual duty owed and erroneously suggests that Sysco owed a duty to guard against every possible risk. We find that as a matter of law the implementation of such procedures under the instant facts is not required to satisfy the duty of ordinary care owed an invitee.
 {¶ 23} Accordingly, we find no error in the trial court's granting summary judgment. The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J. concurs; Dyke, P.J. Concurs in Judgment Only.