JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Errol Jarrett appeals the trial court's striking of his expert report and entering summary judgment in favor of appellees, Forbes, Fields and Associates Co., L.P.A. and Dennis LoConti. Jarrett assigns the following two errors for our review:
 "I. The trial court erred and abused its discretion in excluding plaintiff's expert witness reports to plaintiff's substantial prejudice."
 "II. The trial court erred in granting defendants' motion for summary judgment, as there existed significant questions of fact for resolution by the jury."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 Facts of Underlying Case {¶ 3} On August 28, 1998, Jarrett was injured on an elevator while working at Eastern Star Nursing Home. According to Jarrett, the elevator suddenly dropped from the second floor to the basement. On November 9, 1998, Jarrett retained the law firm of Forbes, Fields and Associates to represent him against Edmond Elevator, the company responsible for the maintenance and repair of the elevator.[1] Dennis LoConti from the firm was the attorney primarily responsible for Jarrett's case. *Page 4 
 {¶ 4} On August 4, 2000, a complaint was filed on Jarrett's behalf against Edmond Elevator. The nursing home had a maintenance agreement with Edmond Elevator, requiring notice of a faulty condition and adequate time to repair, before the company could be liable for injuries caused by a malfunction. Jarrett's complaint, therefore, alleged that Edmond Elevator had notice that the elevator needed repair because it had malfunctioned in the same manner prior to Jarrett's accident.
 {¶ 5} Records were subpoenaed from both Eastern Star Nursing Home and Edmond Elevator. A review of the documents indicated there was no evidence of prior incidents similar to the incident described by Jarrett. In fact, Edmond Elevator inspected the elevator immediately on the date of the incident after being notified of Jarrett's injury. The inspection failed to disclose that the elevator had dropped or "crashed" that day. The trial court, aware of the evidentiary problems, suggested the case be dismissed.
 {¶ 6} According to the defendants' affidavits, on July 1, 2001, LoConti told Jarrett that they could not establish liability. He told Jarrett that he could file a voluntary dismissal without prejudice. According to LoConti, Jarrett stated he understood and consented to the dismissal. On July 2, 2001, a voluntary dismissal without prejudice was filed on Jarrett's behalf.
 {¶ 7} Defendants alleged that several days later, attorneys LoConti and George Forbes met with Jarrett at Jarrett's request to discuss the dismissal. They informed him he had one year in which to refile his claim. Jarrett was also told that *Page 5 
because discovery revealed no basis to establish liability against Edmond Elevator, the firm could no longer represent him. Therefore, he was advised to retain new counsel if he chose to pursue the matter.
 {¶ 8} LoConti had no further contact with Jarrett regarding the case. On July 18, 2002, after the time for refiling had expired, Jarrett contacted LoConti to discuss the case. LoConti reminded Jarrett that no action had been taken because the firm no longer represented him. LoConti met personally with Jarrett the next day. At the meeting, Jarrett contended the firm never told him about the voluntary dismissal. He stated he only found out about the dismissal when a friend checked the docket online.
 Legal Malpractice Facts {¶ 9} Jarrett filed a malpractice claim against LoConti and the firm.[2] After the defendants filed a motion for summary judgment, Jarrett dismissed the case without prejudice because he had not obtained an expert.
 {¶ 10} Approximately one year later, Jarrett refiled the case. Thereafter, defense counsel, aware of the problems with the previously dismissed malpractice case, requested a status conference in order to set a deadline for the disclosure of expert reports. The trial court gave the parties until February 27, 2006 to file the expert report and set the trial for September 18, 2006. *Page 6 
 {¶ 11} The defendants asked Jarrett on many occasions to identify his expert. Jarrett failed to respond to defendants' requests. It was not until May 3, 2006, that Jarrett produced the affidavit of his expert, attorney William Mann. This was more than two months after the court ordered deadline, but four months prior to trial. On May 8, 2006, the defendants filed a motion to exclude the expert evidence. The defendants also attempted to depose Mann, but Mann informed them he was not available until "sometime in September." The trial was set for September 18.
 {¶ 12} While the motion to exclude the expert's evidence was pending, the defendants filed a motion for summary judgment and alleged that even with the expert evidence, Jarrett failed to establish proximate causation; they argued Jarrett's expert provided no testimony as to the merits of Jarrett's underlying case. LoConti and Forbes maintained in their affidavits that the underlying case had no merit and the malpractice case lacked merit.
 {¶ 13} Jarrett opposed the motion by attaching an additional expert report by attorney Harold Levey. In his affidavit, Levey stated that Jarrett would have monetarily benefitted from the pursuit of the underlying negligence case. The defendants filed a motion to strike Levey's expert affidavit as prejudicial because it was untimely. The defendants also contended there was no factual basis for Levey's opinion. *Page 7 
 {¶ 14} The trial court granted the defendants' motions to exclude the expert evidence and also entered summary judgment. The trial court stated as follows:
 "This cause came on for consideration of defendants' motions to exclude and strike plaintiff's expert and defendants' motion for summary judgment. The court hereby grants defendants' motion to exclude and strike plaintiff's experts. Further, the court having construed the evidence most favorable to plaintiff, finds that there remains no genuine issue of material fact and that reasonable minds could only conclude that the defendants are entitled to judgment as a matter of law. The court notes, however, that even if plaintiff's experts were considered, plaintiff's claim will still fail as plaintiff cannot establish a causal connection between defendants' actions and plaintiff's inability to recover in the underlying cause."[3]
 Exclusion of Experts/Summary Judgment {¶ 15} Both of Jarrett's assigned errors will be discussed together. Jarrett first claims the trial court abused its discretion when it excluded his expert reports and secondly, he argues the trial court erred when it granted LoConti's and Forbes' summary judgment. We conclude that the trial court has discretion whether to *Page 8 
exclude an expert's testimony.[4] We will not disturb the trial court's decision unless it abuses its discretion.[5]
 {¶ 16} We agree with Jarrett that Mann's affidavit was disclosed to the defendants approximately four months prior to trial, but well after the court ordered deadline. We also note that defendants did not issue a subpoena to depose him. However, we conclude the trial court's exclusion of Mann's affidavit was not an abuse of discretion, or was harmless error at best because Mann's affidavit failed to address the validity of the underlying claim.
 {¶ 17} We conclude the trial court properly excluded Levey's affidavit. Levey was not listed as an expert witness, and his expert affidavit was not disclosed until a month prior to trial. Moreover, Levey stated as to the underlying case:
 "Based upon my review of those documents, my knowledge of the law and of the field of practice involved in plaintiffs' personal injury claims, it is my opinion to a reasonable degree of probability that the further prosecution of the claims of Errol Jarrett in the matter of Jarrett v. Edmund [sic] Elevator Co., Inc. would have resulted in the payment to Errol Jarrett of monies by the Defendant, Edmund [sic] Elevator, and/or its insurer."[6]
 {¶ 18} Levey failed to state the basis for his conclusion that Jarrett's underlying claim was viable. In fact, he fails to display any knowledge of the facts pertaining to *Page 9 
the underlying case. It is improper for an expert's affidavit to set forth conclusory statements and legal conclusions without sufficient supporting facts.[7] The expert's affidavit may not merely set forth the expert's opinion; it must also state the facts upon which the expert's opinion relies.[8] Accordingly, we conclude either report if admitted, does not resolve the problem that Jarrett has in this malpractice case.
 {¶ 19} In Vahila v. Hall,[9] the Ohio Supreme Court defined the elements that must be established to make a case for legal malpractice. The Supreme Court made it clear that there must be a causal connection between the lawyer's failure to perform and the resulting damage or loss. In this case, LoConti made a decision to dismiss Jarrett's lawsuit against the elevator company after the trial court informed him that his case was weak. To this date, nothing in the record refutes that this exchange did not occur.
 {¶ 20} LoConti then dismissed the case without prejudice and informed Jarrett that the case was dismissed and he had a year to refile his lawsuit. Jarrett claims in his legal malpractice case that he was not informed orally or in writing about the *Page 10 
dismissal and its consequences. The record establishes that no writing exists to substantiate Jarrett and LoConti's conversation.
 {¶ 21} The issue for this court, for purposes of summary judgment, is not whether the conversation occurred, but whether Jarrett had a meritorious lawsuit in his underlying case. A meritorious underlying case would have established a causal connection between his attorney's failure to inform him of the dismissal and its consequences and his malpractice action.
 {¶ 22} In Vahila v. Hall, the Ohio Supreme Court specifically rejected the argument that the element of causation, in the context of a legal malpractice action, requires a plaintiff to prove in all cases that he or she would have been successful in the underlying matter giving rise to the complaint. The Court specifically stated:
 "We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. See * * * [Krahn v. Kinney (1989), 43 Ohio St.3d 103, 106, 538 N.E.2d 1058]. However, we cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement *Page 11 would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim."[10]
 {¶ 23} Although the Ohio Supreme Court held it may not be necessary to provide evidence of the merits of the underlying claim in all cases, it conceded in some cases it might be necessary.[11] We conclude that it is necessary in this case. The fact that Jarrett was injured while in the elevator is not enough to establish a viable case in Ohio against the elevator company. The Supreme Court of Ohio in Durham v. The WarnerElevator Mfg. Co.[12] held that liability will attach to one who negligently performs under a maintenance contract when such negligence is the proximate cause of injury to a third party. However, under this theory of negligence, the scope of the maintenance company's duty to the plaintiff is, as a matter of law, limited by the maintenance agreement between it and the owner of the elevator.[13]
 {¶ 24} In the instant case, Eastern Star Nursing Home had a maintenance contract with Edmond Elevator, which required the company have knowledge of, or *Page 12 
sufficient time to discover, a condition in the elevator that may cause injury before the company could be held liable for the failure to correct a condition.
 {¶ 25} In the underlying case, there is no expert evidence that Edmond Elevator had notice of a problem with the elevator and failed to correct it in a timely fashion. Consequently, on these facts, where no viable negligence claim exists, there can be no damages for legal malpractice. We note in Ruble v. Kaufman,[14] the attorney withdrew because no viable claim existed. Accordingly, we overrule Jarrett's second assigned error and hold his first assigned error as moot.
Judgment is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and MELODY J. STEWART, J., CONCUR.
[1] Another law firm was handling Jarrett's workers' compensation claim. Therefore, Forbes, Fields and Associates was only responsible for the personal liability claim.
[2] Jarrett filed a grievance against LoConti with the Supreme Court Office of Disciplinary Counsel. The Disciplinary Council investigated the claim and concluded no violation had been committed by LoConti.
[3] Judgment entry, September 14, 2006.
[4] Evid.R. 104(A).
[5] Valentine v. Conrad, 110 Ohio St.3d 42, 2006-Ohio-3561 at ¶ 9;Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607.
[6] Levey Affidavit at ¶ 5.
[7] Wall v. Firelands Radiology, Inc. (1995), 106 Ohio App.3d 313,335-336; Davis v. Schindler Elevator Corp. (1994), 98 Ohio App.3d 18,21; Smythy v. Miguel (Oct. 11, 1990), Cuyahoga App. No. 59274;Nu-Trend Homes, Inc. v. Law Offices of DeLiberia, Lyons Bibbo, 10th Dist. No. 01AP-1137 atl}58, 2003-Ohio-1633; C.R.Withem Enter. v. Maley, 5th Dist. No., 2002-Ohio-5056.
[8] See Ambulatory Health Care Corp. v. Schulz (May 30, 1991), Cuyahoga App. No. 58595.
[9] 77 Ohio St.3d 421, 1997-Ohio-259.
[10] Id.
[11] Ruble v. Kaufman, Cuyahoga App. No. 81378, 2003-Ohio-5375;Cooperider v. Parker (Aug. 27, 2003), 9th Dist. No. 02CA0065-M.
[12] (1956), 166 Ohio St. 31.
[13] Heneghan v. Sears, Roebuck Co. (1990), 67 Ohio App.3d 490, 494, citing Durham, supra; Crawford v. Millar Elevator Serv. Co. (May 11, 2000), Cuyahoga App. No. 77277; Schillo v. G. Services, Inc. (July 31, 1997), Cuyahoga App. No. 71813.
[14] Ruble, supra. *Page 1