JOURNAL ENTRY AND OPINION. *Page 3 
{¶ 1} Plaintiff-Appellant, S. James Zafirau (Zafirau), appeals the trial court's decision granting summary judgment in favor of defendants-appellees, Jeffrey Yelsky and Ashvin Chandra. Finding no merit to this appeal, we affirm.
 {¶ 2} The record reveals the following facts. Zafirau was to meet with attorney Ashvin Chandra (Chandra) on July 6, 1999. An unnamed representative of the Ohio Civil Rights Commission (the Commission) had referred Zafirau to Chandra during the pendency of an administrative proceeding, in which the Commission had filed a complaint on his behalf against his former employer, the Cleveland Municipal School District (District), after unsuccessful conciliation efforts. The Commission had previously made a probable cause determination, causing the filing of an age discrimination complaint. Administrative proceedings were still pending before the Commission when Zafirau's statute of limitations was approaching.
 {¶ 3} Chandra, in turn, referred Zafirau to attorney Jeffrey Yelsky (Yelsky). On July 6, 1999, only Yelsky appeared at the initial meeting. Zafirau ultimately signed a contingency fee agreement with Yelsky on October 1, 2000. Chandra continued to lend his assistance.
 {¶ 4} On October 10, 2000, Yelsky filed a complaint with jury demand on behalf of Zafirau in Cuyahoga County Common Pleas Court, Case No. CV-419970. The complaint set forth various employment discrimination claims against, among others, the District. *Page 4 
 {¶ 5} On January 17, 2001, the court filed its case management conference order. This order was thrice modified, lastly by the order of February 6, 2002. The order extended discovery until February 11, 2002, granted the defendant District leave to produce an expert report by February 25, 2002 (past the deadline previously given), and set the final pretrial on May 15, 2002, and bench trial on June 5, 2002 (though previous dates given were jury trial dates). Defendant District was given leave to file a motion for summary judgment on or before February 11, 2002. Plaintiff's motion for summary judgment was also pending.
 {¶ 6} In early February 2002, a settlement offer was made by the District, but was rejected as inadequate by Zafirau. Zafirau voluntarily rejected the District's settlement offer of $338,739. Unbeknownst to Zafirau, Yelsky and Chandra advised the court that the case had been settled, resulting in the trial court placing an order on the docket on February 12, 2002, in Case No. CV-419970, which read as follows: "Upon advice of counsel, this case is settled. Counsel to submit a final entry to the court. Final Vol. 2703, Page 373. Notice issued. Case disposed without prejudice."
 {¶ 7} Zafirau indicated he was forced into "non-binding arbitration" with the District, without knowledge of the predicament Yelsky and Chandra had placed him, and he refused to settle on the terms offered. When he realized what occurred, he discharged Yelsky and Chandra.
 {¶ 8} On November 4, 2002, Yelsky filed a motion for relief from judgment with oral hearing requested. In response, the District filed a motion to enforce *Page 5 
settlement on November 15, 2002. Yelsky filed a motion to intervene on December 13, 2002. On December 17, 2002, Zafirau's appellate counsel filed a notice of appearance in Case No. CV-419970, and also filed a motion to continue hearing on these two pending motions.
 {¶ 9} On December 20, 2002, Zafirau, through his appellate counsel, filed a notice of dismissal without prejudice of the Plaintiff's motion for relief from judgment and proceeded to refile the action by filing a similar complaint the same day in Cuyahoga County Common Pleas Court, Case No. CV-489490. On December 24, 2002, the judge assigned to Case No. CV-419970, denied Zafirau's pending motion for relief from judgment in the original case and denied Yelsky's motion to intervene as moot by a nunc pro tunc entry as of December 19, 2002. He further denied the motion of Zafirau to continue the hearing on the motion for relief from judgment and the defendant's cross motion to enforce settlement.
 {¶ 10} Eventually, Case No. CV-489490 was reassigned by an administrative journal entry to the judge assigned Case No. CV-419970, who set a pretrial date in the refiled case for June 27, 2003, and jury trial on July 9, 2003. Both parties attempted to have Case No. CV-489490 consolidated with the original case on motions denied by the judge assigned in Case No. CV-419970. These dates were cancelled by the court upon its being notified of the District's filing of a notice of removal of January 27, 2003. On February 6, 2003, Case No. CV-489490, *Page 6 
containing Zafirau's claims for discrimination, was removed to U.S. District Court in Case No. 1:03CV169, where it is still pending.
 {¶ 11} On January 7, 2003, Yelsky filed an action for a claim of attorney's fees against Zafirau in Cuyahoga County Common Pleas Court, Case No. CV-490486, which was assigned to a judge other than that assigned Case Nos. CV-419970 and CV-489490. Plaintiff's motion to consolidate Case No. CV-490486 with case CV-489490 was ruled moot on February 20, 2003, by a statement by the judge assigned to Case No. CV-490486, that the first trial judge assigned to CV-489490 ruled on the motion to consolidate by denying it, rendering the motion in the third case moot. Zafirau filed an answer to the complaint, a counterclaim for legal malpractice against Yelsky, and a third-party complaint alleging legal malpractice against third-party defendant Chandra. Zafirau filed an amended, verified complaint seeking injunctive relief. The District also filed an answer.
 {¶ 12} The case was set for a case management conference, with discovery, and motion deadlines, and a trial date given. The court stayed the trial, for a limited time period, to see if a resolution of the removed case in federal court would affect the claims for attorney's fees, and the court ruled all pending motions moot given the stay order. Prior to the scheduled trial date by journal entry of June 22, 2004, the court stated: "The court notes that on June 17, 2004, the parties filed a stipulation of dismissal without prejudice and have dismissed all claims, counterclaims, cross-claims, and third-party complaints, whether asserted or not, *Page 7 
without prejudice, each party to bear their own costs. Final. Court cost[s] assessed as each their own. Book 3142 Page 73."
 {¶ 13} On June 17, 2005, Zafirau through appellate counsel, refiled his claims against Yelsky and Chandra in a complaint with jury demand, assigned Case No. CV-566522, which is the subject of the instant appeal. Given it was a refiling of a dismissed case, the case was reassigned to the docket of the second common pleas trial judge. The court again scheduled by order a case management conference, trial dates, discovery, and dispositive motion deadlines.
 {¶ 14} The trial court set an initial date for Zafirau's submission of his expert report as November 28, 2005. On that date, Zafirau filed a motion for extension of deadline for submission of plaintiff's expert report. On December 23, 2005, the court indicated that the motion was moot by the court's new scheduling order, granting Zafirau additional time to submit all expert reports by not later than June 30, 2006.
 {¶ 15} On June 30, 2006, Zafirau filed a motion for extension of time to submit expert reports, which the court denied. However, in the journal entry denying same, the court granted an additional twenty days by stating "[p]laintiff shall submit his expert report by not later than 7/20/2006. Book #610 Page 704."
 {¶ 16} On August 17, 2006, the court issued an order in pertinent part, which reads as follows:
 "Defendant Chandra and Ashvin Chandra LLC's motion to prohibit Pltf. from introducing expert testimony, filed on 7/24/06, and to which this court has yet to receive a brief in opposition to as of 8/16/006, is well *Page 8 
taken. Since Plaintiff has failed to comply with each and every expert report deadline that has been set by this court, the court grants said Defts' motion. Likewise, the court grants Deft. Yelsky's motion to exclude Pltf. from introducing any expert testimony. Although this motion was filed on 8/15/06, the basis for the motion is made on the same grounds as set forth in Deft. Chandra's motion. As Pltf. has failed to respond to the 7/24/06 motion, and as he has failed to provide an expert report, there is no prejudice in ruling on Deft. Yelsky's motion. The motion for summary judgment is no longer held in abeyance. Any supplemental briefs shall be filed by not later than 9/1/06. Briefs in opposition shall be filed in accordance with Loc.R. 11(1). Book 3641 Page 422."
 {¶ 17} On March 9, 2007, after a review of the motions for summary judgment and the brief in opposition of Zafirau, supported by what the trial court described as a self-serving affidavit, the court in a two-page journal entry granted the motions and entered final judgment in defendants' favor and against Zafirau, on all claims with prejudice, at plaintiff's costs.
 {¶ 18} It is from the granting of judgment dismissing his legal malpractice claim from which Zafirau appeals, raising two related assignments of error. The court will address the second assignment first.
 {¶ 19} ASSIGNMENT OF ERROR TWO
 {¶ 20} In his second assignment of error, Zafirau argues that:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO PROVIDE HIS EXPERT REPORTS."
 {¶ 21} The standard in reviewing the granting or denial of motions for extension of time in areas of discovery and filing of expert reports is one of abuse of *Page 9 
discretion. As stated by this court in Kupczyk v. Kuschnir (2000), Cuyahoga App. No. 76614, 2000 Ohio App. LEXIS 3380, "[t]he decision whether to grant a motion for extension of time lies within the broad discretion of the trial court and will be reversed on appeal only for an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 22} The trial court set an initial date for Zafirau's submission of his expert report as November 28, 2005. The court twice extended the original deadline in the refiled case, making the final deadline ultimately July 20, 2006. Zafirau argues that the trial court abused its discretion in denying his motion for extension of time in which to submit plaintiff's expert reports. However, the court in denying the second and last motion still gave Zafirau an additional twenty days to file them.
 {¶ 23} Zafirau makes much of the court's statement in its journal entry of December 23, 2005, indicating its ruling on pending motions for summary judgment and disqualification of counsel would be held in abeyance; but the court in this same entry did not indicate a stay of the discovery cutoff or in the deadline for submission of expert reports. The journal entry clearly set forth new dates of September 8, 2006, for completion of discovery, and June 30, 2006, for the submission of expert reports. These dates were clearly set forth in an order with which Zafirau failed to comply. *Page 10 
 {¶ 24} Under the circumstances presented in this refiled legal malpractice action, which the second trial court accurately described in its final journal entry as having "a long and tortured history," it cannot be said that the trial court abused its discretion by failing to grant plaintiff's request for extension of time to submit his expert report. As previously stated, the denied request was the second extension of time Zafirau filed on the date the expert report was due; and furthermore, the court in denying same, still gave Zafirau an additional twenty days for its submission.
 {¶ 25} This assignment of error is overruled.
ASSIGNMENT OF ERROR ONE "THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT BECAUSE THERE WERE GENUINE ISSUES OF FACTS IN DISPUTE AND BECAUSE APPELLEES WERE NOT ENTITLED TO JUDGEMENT AS A MATTER OF LAW."
 {¶ 26} As stated by this court in Conway v. Euclid Chem., Cuyahoga App. No. 85384, 2005-Ohio-3843, "[a]n appellate court reviews a trial court's grant of summary judgment de novo. `De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if, as a matter of law, no genuine issues exist for trial.'" Id. at paragraph 23. (Citations omitted.)
 {¶ 27} It is well settled in Ohio that in order to prevail on a legal malpractice claim, a plaintiff must demonstrate through expert testimony, by a preponderance of the evidence, that the representation of the attorney failed to meet the prevailing *Page 11 
standard of care, and that the failure proximately caused damage or loss to the client. This court recently discussed this principle inJarrett v. Forbes, Cuyahoga App. No. 88867, 2007-Ohio-5072, when it summarized the Ohio Supreme Court decision of Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259, in stating: "[t]he Ohio Supreme Court defined the elements that must be established to make a case for legal malpractice. The Supreme Court made it clear that there must be a causal connection between the lawyer's failure to perform and the resulting damage or loss." Forbes, at paragraph 19.
 {¶ 28} Expert testimony is required to sustain a claim of legal malpractice, except where the alleged errors are so simple and obvious that it is not necessary for an expert's testimony to demonstrate the breach of the attorney's standard of care. Hirschberger v.Silverman (1992), 80 Ohio App.3d 532,538; McInnis v. Hyatt LegalClinics (1984), 10 Ohio St.3d 112, 113; Rice v. Johnson (1993), Cuyahoga App. No. 63648; Cross-Cireddu v. Rossi (2000), Cuyahoga App. No. 77268, 2000 Ohio App. LEXIS 5480.
 {¶ 29} In the case sub judice, Zafirau claims that his failure to produce an expert report, supporting his refiled claim of legal malpractice and as documentary evidence in opposition to the appellees' motion for summary judgment, is not fatal given that the alleged acts of malpractice by Yelsky and Chandra with regard to settlement negotiations were obvious and within common understanding. He argues *Page 12 
that the lack of an expert report obviated the need for expert testimony, demonstrating that the attorneys owed a duty or obligation to him.
 {¶ 30} This court disagreed with a similar argument made inCross-Cireddu, wherein the trial court determined that a client, bringing a suit for malpractice based on an attorney's preparation of a settlement agreement in a domestic violence case without the client's input, required production of expert testimony as to whether in so doing the attorney did in fact fail to exercise the knowledge, skill, and ability ordinarily possessed and exercised by similarly situated members of the legal profession. "Like the trial court, we conclude this alleged act of malpractice is not obvious. Cross-Cireddu was required to produce expert testimony as to whether Rossi did in fact fail to exercise the knowledge skill and ability ordinarily possessed and exercised by similarly situated members of the legal profession in support of her claim." Cross-Cireddu, at 10.
 {¶ 31} We concur with the trial court herein that the alleged acts of malpractice, including the actions of Yelsky and Chandra with regard to settlement negotations in the underlying employment discrimination case were extensive, protracted, and complex. Whether the actions of Yelsky and Chandra in other particulars constituted a breach of standard of care as claimed by Zafirau, most certainly required an expert's testimony as to whether in fact appellees failed to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated. *Page 13 
 {¶ 32} Zafirau must further show that there is a causal link between the conduct of which he complains resulting in actual damage or loss. This court finds that not only did Zafirau fail to produce evidence regarding breach of any standard of care, he also failed to produce evidence that there was damage or resulting loss, and that if there was such damage or loss, that a causal connection existed between the alleged failure of Yelsky and Chandra to perform and the resulting damage or loss. See Forbes.
 {¶ 33} In fact, Zafirau's own testimony offered in support of Yelsky's and Chandra's motions for summary judgment, demonstrates that his pending claims against the District in federal court are now worth more to him than they were when they were pending in the common pleas court prior to removal. This belies his argument of loss due to actions of Yelsky and Chandra. (Tr. at 130-131.)
 {¶ 34} Further, any purported actions on the part of Yelsky and Chandra cannot have a causal effect on the outcome of the pending federal cause one way or the other for, as recently stated by this court in Midland Title Sec. Inc. v. Carlson, Cuyahoga App. No. 88116,2007-Ohio-1980, "[a] dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced." Id. at paragraph 9. (Citations omitted.)
 {¶ 35} In the instant case, because Zafirau voluntarily rejected the District's settlement offer of $338,739, he voluntarily dismissed his motion for relief from judgment of the court entry dismissing the action against the District without *Page 14 
prejudice in Case No. CV-419970, and then refiled his claims with present counsel in the case removed to federal court, he was not, and is not foreclosed from bringing his claims against the District. Therefore, the trial court did not err by granting Yelsky's and Chandra's motions for summary judgment finding that Zafirau's malpractice claims failed as a matter of law, as he is unable to prove any actual loss or damage. Furthermore, even if he was able to do so, he could not prove that any actions of appellees were the proximate cause of any perceived loss or damage.
 {¶ 36} Zafirau's first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1