[Cite as *McWilliams v. Schumacher*, 2013-Ohio-29.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98188, 98288, 98390, 98423**

# GREGORY D. McWILLIAMS

PLAINTIFF-APPELLANT

vs.

# JAMES T. SCHUMACHER, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-740108

**BEFORE:** Kilbane, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 10, 2013

**APPELLANT**

Gregory D. McWilliams, pro se
23065 Broadway, Apt. East 39th
Oakwood Village, Ohio 44146

**ATTORNEYS FOR APPELLEES**

**For James T. Schumacher**

James T. Schumacher, pro se
James T. Schumacher Co., LLC
1419 West 9th Street, 2nd Floor
Cleveland, Ohio 44113

Gina A. Kuhlman
9   Oakshore Drive
Bratenahl, Ohio   44108

**For Caryn M. Groedel**

Joseph F. Nicholas, Jr.
Leah J. Stevenson
Mazanec, Raskin, Ryder & Keller Co.
100 Franklin's Row
34305 Solon Road
Solon, Ohio 44139

MARY EILEEN KILBANE, J.:

{¶1}   In these consolidated appeals, plaintiff-appellant, Gregory D. McWilliams, appeals from the judgment of the trial court that awarded summary judgment to defendants-appellees, Caryn Groedel ("Groedel") and James Schumacher ("Schumacher")(collectively referred to as "defendants"). Plaintiff also appeals from the orders denying his motions for relief from those judgments. For the reasons set forth below, we affirm all of the challenged rulings.

{¶2}   The record reflects that on June 20, 2007, Groedel, an employment attorney, agreed to represent plaintiff in connection with employment issues against Marriott International Inc. ("Marriott"). Groedel filed a complaint against Marriott, which was designated Case No. CV-648121, and a settlement conference was scheduled on September 10, 2008. On that date, Groedel, plaintiff, and plaintiff's witness, Harrison Dillard ("Dillard"), appeared on behalf of plaintiff, and attorney Nicole Quathamer ("Quathamer") appeared on behalf of Marriott. According to plaintiff, Groedel insisted that he and Dillard sit "behind a wall" while she discussed the matter with Quathamer. Plaintiff claimed that Marriott offered $35,000 to settle the case. Groedel and plaintiff subsequently became embroiled in a dispute as to whether Marriott had offered plaintiff $35,000 or whether she had simply suggested that amount as an opening settlement offer to Marriott. On December 1, 2008, Groedel filed a motion to withdraw from the matter.

Following a hearing on January 12, 2009, the court permitted Groedel to withdraw, over plaintiff's objection.

**{¶3}** After Groedel withdrew from the case, plaintiff spoke to attorney Rich Haber ("Haber"). Haber valued plaintiff's claim at $7,000. Plaintiff believed that he had obtained a settlement offer of $35,000 from Marriott and that it had been improperly taken from him. Plaintiff eventually contacted Schumacher to represent him in his action against Marriott. After speaking with plaintiff, Schumacher opined that the value of the case was less than $10,000. Schumacher learned that the discovery cutoff date was approaching and that Marriott had filed a motion for summary judgment so, on February 27, 2009, and with plaintiff's consent, he filed a voluntary dismissal of CV-648121 without prejudice.

**{¶4}** On October 28, 2010, plaintiff filed this pro se action against Groedel and Schumacher, setting forth claims for extrinsic fraud, professional misconduct, and racial discrimination in violation of R.C. 4112.02. On December 13, 2010, Groedel filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). One week later, plaintiff filed a motion for a medical continuance, supported by a letter from his doctor that indicated plaintiff required at least two months to recuperate during medical treatment. On January 3, 2011, the trial court granted the motion to dismiss in part, and dismissed plaintiff's claims for extrinsic fraud and racial discrimination, leaving only the claim for professional misconduct.[1]

---

[1]On January 4, 2011, Schumacher also filed a motion to dismiss all claims of

**{¶5}** On May 31, 2011, the trial court granted the plaintiff's request for a medical continuance and placed the case on the court's inactive docket, pending plaintiff's request to have the matter reinstated or a showing that "plaintiff is healthy enough to prosecute the lawsuit." On June 9, 2011, plaintiff filed a motion for reconsideration of the partial dismissal of his claims. On September 28, 2011, plaintiff filed a motion to resume the proceedings.

**{¶6}** The trial court resumed the proceedings but did not reconsider its partial dismissal, and the matter proceeded on the remaining issue of professional misconduct, or legal malpractice. On November 23, 2011, the trial court issued an order requiring plaintiff to submit an expert report on the issue of defendants' liability for legal malpractice by January 10, 2012, and requiring defendants to submit their expert reports by March 9, 2012.

**{¶7}** On January 31, 2012, Schumacher moved for summary judgment. Schumacher's evidence indicated that plaintiff contacted him after the failed settlement conference involving Groedel, that on February 27, 2009, he dismissed the matter without prejudice and with plaintiff's consent in order to preserve plaintiff's rights, and that plaintiff had not complied with the trial court's order that he obtain an expert on the issue of liability for legal malpractice.

**{¶8}** On February 2, 2012, Groedel filed a motion for summary judgment, supported by her deposition testimony and an affidavit from Quathamer. Groedel's

the complaint.

evidentiary materials indicated that at no point during the September 10, 2008 settlement conference, or at any other time, did Marriott offer $35,000 to settle plaintiff's claims, including testimony from Quathamer that "Marriott is not even willing to discuss a settlement anywhere near the $35,000 range."   Groedel also presented evidence that she and plaintiff discussed requesting $35,000 from Marriott to settle the matter and that in a letter dated October 22, 2008, she asked plaintiff for permission to settle the matter for $3,500.   A second letter dated October 27, 2008, states in relevant part:

> I am inclined to agree with Ms. Quathamer that a $3,500.00 to $5,000.00 settlement is more in line with what your case is really worth.   That is why my last letter asked for your authorization to settle this case for $3,500.00 rather than $35,000.00 I previously suggested as a possible settlement figure.

**{¶9}**   Finally, Groedel noted that in the instant legal malpractice litigation, plaintiff had failed to provide an expert report on the issue of liability for legal malpractice.   Further, Groedel averred that she had carefully protected plaintiff's rights and did not violate the standard of care in the Marriott matter.

**{¶10}** In opposition, plaintiff submitted an affidavit in which he averred that defendant Groedel made him sit "behind a wall" during the September 10, 2008 settlement conference, that Groedel informed him that she had received a $35,000 settlement offer from Quathamer, and that counsel for Marriott and Groedel subsequently denied that such offer had been made.   Plaintiff also presented an affidavit from his witness, Dillard, which indicated that "Gregory turned down the $35,000 offer at that time [i.e., during the settlement conference]."

**{¶11}** On March 8, 2012, the trial court granted Schumacher's motion for summary judgment, and on March 30, 2012, the court granted Groedel's motion for summary judgment and stated:

Motion for summary judgment * * * is granted for all of the reasons argued by the defendant. Additionally, even if the plaintiff was offered $35,000, his own witness, Harrison Dillard, confirms that the offer was declined.

**{¶12}** On March 15, 2012, plaintiff filed a motion for relief from judgment pursuant to Civ.R. 60(B), in which he asserted that attorney Schumacher served his motion for summary judgment to plaintiff's "old address on Caine Avenue in Cleveland," and that plaintiff never received this motion. Plaintiff's motion for relief from judgment did not set forth a meritorious defense to Schumacher's motion for summary judgment, however. In opposition, Schumacher stated that he served the motion using plaintiff's address of record, and also sent the motion to plaintiff via email.

**{¶13}** On April 17, 2012, plaintiff filed a motion for relief from judgment pursuant to Civ.R. 60(A), seeking vacation of summary judgment in favor of attorney Groedel and requesting that Dillard be permitted to amend his testimony to now indicate that plaintiff did not reject a settlement offer of $35,000 at the September 10, 2008 settlement conference.

**{¶14}** On April 4, 2012, the trial court denied plaintiff's motion for relief from judgment under Civ.R. 60(B), and held:

The court notes: 1) McWilliams never filed a change of address with the clerk of courts; 2) Defendant Groedel's motion for summary judgment was also sent to Caine Avenue, yet the plaintiff received and opposed that motion; 3) Schumacher's motion was emailed to McWilliams; and 4) McWilliams has not presented a meritorious defense.

{¶15} The following month, on May 9, 2012, the trial court denied plaintiff's motion for relief from judgment pursuant to Civ.R. 60(A), in which plaintiff requested that Dillard be permitted to correct the averments in his affidavit.

{¶16} Plaintiff now appeals and assigns seven errors for our review. For convenience, we have grouped the assignments of error together where they share a common basis in law and in the record.

{¶17} Plaintiff's first, second, fifth, and seventh assignments of error are interrelated and state:

> The trial court erred to the prejudice of Plaintiff-Appellant, Gregory D. McWilliams when it granted summary judgment to Defendants-Appellees.
>
> The trial court abused its discretion when it granted Schumacher summary judgment without service on the opposing party, the Plaintiff did not know Defendant had even filed for summary judgment.
>
> The trial court erred to the prejudice of Plaintiff-Appellant, Gregory D. McWilliams when it granted summary judgment to Defendant-Appellee, Caryn Groedel with the knowledge [that] genuine issues of material fact do in fact exist in this case.

The trial court erred to the prejudice of Plaintiff-Appellant, Gregory D. McWilliams when the trial court failed to consider conflicting evidence in [the] light most favorable to [the] non-movant.

{¶18} Within these assignments of error, plaintiff complains that the trial court erred in awarding summary judgment to defendants because there are genuine issues of material fact.

{¶19} A reviewing court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093, ¶ 27 (8th Dist.). Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

{¶20} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶21} Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the

nonmoving party must set forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639.

{¶22} With regard to the issue of liability for legal malpractice, we note that it is well settled in Ohio that in order to prevail on a legal malpractice claim a plaintiff must demonstrate, through expert testimony, by a preponderance of the evidence, that the representation of the attorney failed to meet the prevailing standard of care, and that the failure proximately caused damage or loss to the client. *Zafirau v. Yelsky*, 8th Dist. No. 89860, 2008-Ohio-1936, ¶ 27. Further, "the Supreme Court made it clear that there must be a causal connection between the lawyer's failure to perform and the resulting damage or loss." *Jarrett v. Forbes*, 8th Dist. No. 88867, 2007-Ohio-5072, ¶ 19, explaining *Vahila v. Hall*, 77 Ohio St.3d 421, 1997-Ohio-259, 674 N.E.2d 1164.

{¶23} Expert testimony is required to sustain a claim of legal malpractice, except where the alleged errors are so simple and obvious that it is not necessary for an expert's testimony to demonstrate the breach of the attorney's standard of care. *Hirschberger v. Silverman*, 80 Ohio App.3d 532, 538, 609 N.E.2d 1301 (6th Dist.1992); *McInnis v. Hyatt Legal Clinics,* 10 Ohio St.3d 112, 113, 461 N.E.2d 1295 (1984); *Rice v. Johnson*, 8th Dist. No. 63648, 1993 Ohio App. LEXIS 4109 (Aug. 26, 1993); *Cross-Cireddu v. Rossi*, 8th Dist. No. 77268, 2000 Ohio App. LEXIS 5480 (Nov. 22, 2000).

{¶24} In this matter, appellant complains that his former attorneys breached their duties to him by excluding him from the settlement negotiations and by handling the

matter in a manner that did not meet professional standards. This court addressed identical issues in *Rossi*. In that case, the trial court determined that the alleged errors, excluding the plaintiff from the settlement negotiations and allegedly handling the matter in a manner that did not meet professional standards, had to be established through an expert's testimony to demonstrate the breach of the attorney's standard of care. The trial court then awarded defendants summary judgment when plaintiff failed to produce the required expert evidence. This court affirmed the trial court's decision and stated:

> Like the trial court, we conclude this alleged act of malpractice is not obvious. Cross-Cireddu was required to produce expert testimony as to whether Rossi did in fact fail to exercise the knowledge, skill, and ability ordinarily possessed and exercised by similarly situated members of the legal profession in support of her claim. Cross-Cireddu failed to provide such expert testimony. We conclude, the trial court properly granted Rossi's motion for summary judgment.

{¶25} Similarly, in *Zafirau,* 8th Dist. No. 89860, 2008-Ohio-1936, at ¶ 31-35, the plaintiff brought suit against his former attorneys when after he rejected a settlement offer and the attorneys mistakenly advised the trial court that the matter had been settled, resulting in a dismissal without prejudice. The trial court ruled that the plaintiff could not establish his complaint for malpractice, and awarded the defendants summary judgment because the plaintiff failed to provide an expert report to demonstrate that the attorneys failed to meet their required standard of care. This court affirmed the award of summary judgment to the defendants and stated:

> We concur with the trial court herein that the alleged acts of malpractice, including the actions of Yelsky and Chandra with regard to settlement negotiations in the underlying employment discrimination case were extensive, protracted, and complex. Whether the actions of Yelsky and

Chandra in other particulars constituted a breach of standard of care as claimed by Zafirau, most certainly required an expert's testimony as to whether in fact appellees failed to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated.

Zafirau must further show that there is a causal link between the conduct of which he complains resulting in actual damage or loss. This court finds that not only did Zafirau fail to produce evidence regarding breach of any standard of care, he also failed to produce evidence that there was damage or resulting loss, and that if there was such damage or loss, that a causal connection existed between the alleged failure of Yelsky and Chandra to perform and the resulting damage or loss. *See Forbes*, [8th Dist. No. 88867, 2007-Ohio-5072].

*Id.*

{¶26} Applying the foregoing case law to this matter, we conclude that appellant's claims that Groedel breached the standard of care at the settlement conference and in her representation during settlement negotiations required an expert's testimony to establish that defendants failed to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession. The trial court, therefore, properly awarded summary judgment to defendants, because appellant failed to present expert evidence on the issue of liability, in violation of the trial court's pretrial order, and, therefore, failed to present a genuine issue of material fact as to whether the actions of the defendants breached the standard of care.

{¶27} Further, plaintiff failed to establish the element of damages from his claim of malpractice at the settlement conference because he rejected the settlement offer, and the matter was dismissed without prejudice. The trial court, therefore, properly awarded summary judgment to defendants because plaintiff failed to present a genuine issue of

material fact to show that he sustained damages in the underlying matter. *Zafirau* at ¶ 35; *Endicutt v. Johrendt*, 10th Dist. No. 99AP-935, 2000 Ohio App. LEXIS 2697 (June 22, 2000).

{¶28} As explained in *Zafirau*:

Further, any purported actions on the part of Yelsky and Chandra cannot have a causal effect on the outcome of the pending federal cause one way or the other for, as recently stated by this court in *Midland Title Sec. Inc. v. Carlson*, Cuyahoga App. No. 88116, 171 Ohio App. 3d 678, 2007-Ohio-1980, 872 N.E.2d 968, "[a] dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced." *Id.* at paragraph 9. (Citations omitted.)

In the instant case, because Zafirau voluntarily rejected the District's settlement offer of $338,739, he voluntarily dismissed his motion for relief from judgment of the court entry dismissing the action against the District without prejudice in Case No. CV-419970, and then refiled his claims with present counsel in the case removed to federal court, he was not, and is not foreclosed from bringing his claims against the District. Therefore, the trial court did not err by granting Yelsky's and Chandra's motions for summary judgment finding that Zafirau's malpractice claims failed as a matter of law, as he is unable to prove any actual loss or damage. Furthermore, even if he was able to do so, he could not prove that any actions of appellees were the proximate cause of any perceived loss or damage.

*Id.* at 34-35.

{¶29} In accordance with the foregoing, plaintiff was unable to establish that defendants breached their standard of care or that their actions caused him to sustain damages, two essential elements of his claim for relief. Therefore, we conclude that the trial court properly determined that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law.

**{¶30}** The first, second, fifth, and seventh assignments of error are without merit.

**{¶31}** Appellant's sixth assignment of error states:

The trial court erred to the prejudice of plaintiff-appellant Gregory D. McWilliams when the trial court did not necessitate 14th Amendment Rights the trial court failed to consider conflicting evidence in [the] light most favorable to [the] non-movant.

**{¶32}** Within this assignment of error, plaintiff asserts that the trial court violated his right to a jury trial, should have granted him a stay due to his medical condition, and should have compelled defendant Schumacher to provide discovery.

**{¶33}** The determination of whether to issue a stay of proceedings generally rests within the court's discretion and will not be disturbed absent a showing of an abuse of discretion. *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336, 1998-Ohio-431, 691 N.E.2d 282. An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶34}** In this matter, we note that plaintiff initially requested a medical continuance in December 2010. Following this request, on January 3, 2011, the trial court dismissed plaintiff's claims for extrinsic fraud and racial discrimination in violation of R.C. 4112.02 because they did not properly allege claims for relief. On May 31, 2011, the trial court granted the plaintiff's request for a medical continuance and placed the case on the court's inactive docket, pending plaintiff's request to have the matter reinstated or

a showing that "plaintiff is healthy enough to prosecute the lawsuit." On June 9, 2011, plaintiff filed a motion for reconsideration of the partial dismissal of his claims, and on September 28, 2011, plaintiff filed a motion to resume the proceedings.

**{¶35}** We note that the court's ruling on the motion was restricted to a review of the pleadings that plaintiff had filed and did not depend upon further discovery. We therefore find no abuse of discretion in connection with this ruling. *See Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547 (2d Dist.); *Sherrills v. Ohio Adult Parole Auth.*, 8th Dist. No. 84522, 2004-Ohio-6916; *Stepler v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 96APE08-1014, 1997 LEXIS 208 (Jan. 21, 1997).

**{¶36}** In addition, the record indicates that plaintiff opposed all motions and actively prosecuted his claim for relief. He opposed both motions for summary judgment and also sought to vacate the rulings on those motions. Further, as we have explained in our discussion of the first, second, fifth, and seventh assignments of error, the trial court properly determined that there were no genuine issues of material fact and that defendants are entitled to judgment as a matter of law, the award of summary judgment to defendants did not violate McWilliams's right to a jury trial. *Goodin v. Columbia Gas of Ohio, Inc.*, 141 Ohio App.3d 207, 231, 750 N.E.2d 1122 (4th Dist.2000).

**{¶37}** The sixth assignment of error is therefore overruled.

**{¶38}** Appellant's fourth assignment of error states:

The trial court erred to the prejudice of Plaintiff-Appellant, Gregory D. McWilliams when it failed to give fair consideration to the Civ.R. 60(A) motion.

{¶39} In this assignment of error, plaintiff asserts that the trial court erred in refusing to permit Dillard to "correct what he had omitted" from his affidavit.

{¶40} Civ.R. 60(A) governs the correction of clerical mistakes and states in pertinent part:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

{¶41} Within the context of Civ.R. 60(A), a "clerical mistake" is "a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *Paris v. Georgetown Homes, Inc.*, 113 Ohio App.3d 501, 503, 681 N.E.2d 475 (9th Dist.1996), quoting *Densely Internatl., Inc. v. Castaways*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist.1985).

{¶42} In this matter, the trial court's decision awarding summary judgment was not the result of a "blunder in execution" but, rather, was the result of the court's consideration of the requirements of Civ.R. 56 and the parties' evidentiary materials.

{¶43} The fourth assignment of error is without merit.

{¶44} Appellant's third assignment of error states:

The trial court erred to the prejudice of Plaintiff-Appellant, Gregory D. McWilliams when it failed to give Plaintiff-Appellant an evidentiary hearing on a Civ.R. 60(B) motion.

{¶45} Within this assignment of error, plaintiff complains that the trial court denied his motion for relief from judgment without holding a hearing on the motion.

{¶46} Civ.R. 60(B) governs motions for relief from judgment and provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶47} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.   The moving party fails the *GTE* test by not meeting any one of the three requirements.   *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶48}** A party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion.   Instead, the movant bears the burden to demonstrate that he or she is entitled to a hearing on the motion.   *Id*.   To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B).   *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 1996-Ohio-430, 665 N.E.2d 1102.   A movant is not required to submit evidentiary material in support of the motion, but a movant must do more than make bare allegations of entitlement to relief.   *Id*.

**{¶49}** As to the issue of defendant Schumacher's service of his motion for summary judgment, we note that a trial court's determination of whether service was completed will not be disturbed absent an abuse of discretion.   *Ramirez v. Shagawat*, 8th Dist. No. 85148, 2005-Ohio-3159.   Where a party follows the Ohio Civil Rules governing service of process, courts presume that service is proper unless the other party rebuts this presumption with sufficient evidence of non-service.   *Rafalski v. Oates*, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (8th Dist.1984); *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. No. 03AP-951, 2004-Ohio-2816, ¶ 10 ("The rebuttable presumption of

proper service * * * may be rebutted by evidence that [the defendant] never resided nor received mail at the address to which such ordinary mail service was addressed.").

{¶50} In *PFG Ventures, L.P. v. King*, 8th Dist. No. 95352, 2011-Ohio-1248, ¶ 4, this court stated:

> [T]he motion for summary judgment contained a certificate of service as required by Civ.R. 5(D) and there is no evidence that the motion had been returned indicating failure of delivery, so there is a rebuttable presumption of proper service. *Id.*, citing *Winthrop v. Harden*, 8th Dist. No. 79803, 2002-Ohio-5217, ¶ 21.

{¶51} In order to rebut the presumption of proper service, the other party must produce evidentiary-quality information demonstrating that he or she did not receive service. *Thompson v. Bayer*, 5th Dist. No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23.

{¶52} In this matter, Schumacher's motion for summary judgment contained a certificate of service as required by Civ.R. 5(D). There is no evidence in the record that the motion had been returned to Schumacher indicating failure of delivery. Accordingly, there is a rebuttable presumption of proper service. *PFG Ventures, L.P. v. King*; *Winthrop v. Harden*; *Edney v. Life Ambulance Serv., Inc.*, 10th Dist. No. 11AP-1090, 2012-Ohio-4305. The plaintiff did not rebut this presumption by producing evidentiary-quality information to demonstrate that he did not receive service of the motion.

{¶53} In any event, even assuming that plaintiff was not served with Schumacher's motion for summary judgment, he nonetheless failed to demonstrate that he has a meritorious defense to this motion as required under Civ.R. 60(B). Therefore, we are

unable to conclude that the trial court erred in denying plaintiff's Civ.R. 60(B) motion for relief from judgment.

{¶54} The third assignment of error is without merit.

{¶55} The orders of the trial court granting summary judgment to defendant Groedel and defendant Schumacher are affirmed.

{¶56} The order denying relief from judgment pursuant to Civ.R. 60(A) is affirmed.

{¶57} The order denying relief from judgment pursuant to Civ.R. 60(B) is affirmed.

Costs for this appeal are waived.   Appellant filed a poverty affidavit.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR